## Richmond

LONNIE GRAHAM v. EDWARD F. DANKO.

LONNIE GRAHAM v. RONALD CAMPANA, AN INFANT, ETC.

March 4, 1963.

Record Nos. 5526, 5529.

Present, All the Justices.

The opinion states the case.

*Fred P. Aucamp* (*Rixey and Rixey*, on brief), for the plaintiff in error.

*M. T. Bohannon, Jr.* and *R. L. Bohannon* (*Herbert and Bohannon,* on brief), for the defendants in error.

EGGLESTON, C. J., delivered the opinion of the court.

■ Edward F. Danko and Ronald Campana, while passengers in a car driven by Eugene T. Nobriga along U. S. Highway No. 1, a short distance north of Richmond, were injured when that car collided with another driven by Lonnie Graham. Two other cars, driven by Walter Willie Rodgers and an unknown motorist designated in the record and briefs as "John Doe," respectively, were likewise involved in the collision. Danko and Campana filed separate motions for judgment against Nobriga, Graham, Rodgers and Doe, seeking to recover damages for injuries sustained in the collision. Each motion alleged that Nobriga was guilty of gross negligence which proximately caused the collision and the plaintiff's injuries. As to the other defendants, it was alleged that each was guilty of negligence which was a proximate cause of the collision and the plaintiff's injuries. A general denial was filed on behalf of each defendant.

There were separate jury trials. In each case the lower court struck the evidence as to Nobriga and entered summary judgment in his favor. There was no exception to this action. The Campana case, tried first, resulted in a verdict and judgment of $6,000 in favor of the plaintiff against Graham and Rodgers and in favor of the defendant Doe. The Danko case resulted in a verdict and judgment of $2,000 in favor of the plaintiff against the defendants Graham, Rodgers and Doe. We granted each of the judgment defendants a writ of error. In this opinion we shall deal only with the questions raised by Graham in his appeals in the two cases.

The main contention of Graham is that the evidence in each case is insufficient, as a matter of law, to sustain a finding that he was guilty of negligence which was a proximate cause of the accident and the plaintiff's injuries. Therefore, he says, a final judgment should be entered in his favor in each case. In the Campana case Graham alternately seeks a new trial because of the rulings of the lower court in excluding certain evidence offered by him and because of its rulings on the instructions.

With respect to Graham's liability, the evidence in the two cases is substantially the same. It is undisputed that the accident occurred

on the night of September 3, 1960, about 9:20, on U. S. Highway No. 1, approximately 17 miles north of Richmond. At the time the weather was clear and the road dry. The road is straight, level, unlighted, and marked for four lanes of travel, with the usual double center lines. The permitted speed limit at the scene was 55 miles per hour.

Just before the accident the Nobriga car, in which Danko and Campana were passengers, was traveling north. The cars driven by Graham, Rodgers and Doe were traveling south. As the Doe car was either stopped or moving ahead slowly, it was struck a light blow by the Graham car which then came to a stop in the inside lane. Almost immediately thereafter the Rodgers car ran into the rear of the Graham car, driving the latter car across the highway into the northbound lane where it collided with the Nobriga car. This latter impact caused the Nobriga car to go off of the highway on its right-hand side and resulted in injuries to Danko and Campana.

Graham testified that shortly before reaching the place where the accident occurred he overtook and passed the Rodgers car; that while proceeding along the inside lane he saw, approximately 175 to 200 feet ahead of him, the Doe car which was either stopped or moving slowly; that it had no rear lights; that upon seeing this car ahead he applied his brakes, lightly at first, and when it appeared that he could not stop in time, "slammed on the brakes" and struck the Doe car a slight blow in its rear and came to a stop. Graham further testified that before he could get started again his car was struck a heavy blow in the rear by the Rodgers car and driven across the highway into the lane of the Nobriga car.

Danko testified that he saw the Doe car standing or moving slowly in the inside lane; that the Graham car suddenly cut from the right-hand lane into the inside lane and apparently struck the Doe car; that he saw the headlights on the Doe car, but could not see whether its rear lights were burning.

Nobriga testified that shortly before the collision he noticed the Graham car stop in the inside southbound lane at an angle; that it "appeared" to him that without a proper signal, Graham was going to make a left turn across the highway and go to a restaurant located on the east side of the road. He said that he did not see the Doe car.

Campana, one of the plaintiffs and a passenger in the Nobriga car, was dozing at the time of the accident and knew nothing of the

circumstances. Rodgers, the driver of one of the cars involved, did not testify.

It is significant that under substantially the same evidence two juries have found that Graham was guilty of negligence which was a proximate cause of the accident. We agree that this finding is supported by the evidence. In the first place, under Graham's own version the jury may well have concluded that he was negligent in not sooner seeing the Doe car in his lane of travel. Or, the jury may have concluded that he was negligent in not immediately bringing his own car to a stop after he saw the Doe car ahead of him, instead of waiting until it was too late to stop, and that such negligence was a proximate cause of the collision.

Again, despite Graham's testimony to the contrary, the jury may have concluded that just before the collision, without a proper signal, he was about to make a left turn across the highway to stop at the restaurant, as it appeared to Nobriga that he was attempting to do. If the Rodgers car was then too close for Graham to have made the turn in the exercise of ordinary care, the jury were warranted in finding that the act was a proximate cause of the collision and not merely an intervening cause, as his counsel argues.

Moreover, the jury may have concluded that under the circumstances Graham was negligent in suddenly cutting from the right-hand lane into the inside lane behind the Doe car, as Danko said he did. This caused Graham to stop ahead of the Rodgers car which he had just passed and which he should have known was close behind him.

In short, we find that whether under the related circumstances Graham was negligent, and whether such negligence was a proximate cause of the accident, were jury questions.

During the trial of the Campana case Graham sought to show that at the scene of the accident he told Nobriga of the presence of the unlighted Doe car ahead of him just before the collision. The exclusion of this statement to Nobriga is assigned as error.

Ordinarily, proof of statements made by a witness out of court cannot be received to corroborate his testimony given in court. As an exception to this rule, such statements may be admitted where the credibility of the witness has been assailed on the ground that his story is a recent fabrication or that he has some motive for testifying falsely. 20 Mich. Jur., Witnesses, § 70, p. 527 ff., and cases there cited; 58 Am. Jur., Witnesses, §§ 827, 828, p. 463 ff. Graham

invokes this exception. He argues that such evidence was offered, not to prove the truth of the statement, but to show the fact of the utterance and repel the imputation that his testimony as to the presence of the Doe car was a fabrication.

However, there is no charge here that Graham's testimony as to the presence of the Doe car was a fabrication. No one testified that he had previously failed to make such a claim. Hence, there was no occasion to support his credibility by proof of the utterance and the statement was properly excluded.

It is not necessary that we review in detail Graham's assignments of error as to the rulings of the lower court on the instructions granted and refused in the Campana case. Suffice it to say that we find that the jury were fully and correctly instructed on the issues involved. It may be observed in passing that the lower court's rulings on the instructions in the Campana case, to which exceptions were made, were identical with those in the Danko case, to which no exceptions have been pressed on appeal.

For these reasons the judgment in each case against Graham is

*Affirmed.*