# Richmond

## Francis B. Bare v. Robert Lee Jones.

March 7, 1966.

Record No. 6112.

Present, All the Justices.

*G. William White, Jr.,* for the plaintiff in error.

*David Meade White (White, Roberts, Cabell & Paris,* on brief), for the defendant in error.

Spratley, J., delivered the opinion of the court.

Francis B. Bare instituted this action against Robert Lee Jones for injuries sustained when an automobile in which he was a passenger was struck by an automobile operated by Leo Francis Kennedy. Bare alleged in his motion that he was traveling north in an automobile; that, at the same time and place, Jones was traveling south in another

car; and as a result of the negligence of Jones the automobile driven by him "struck the rear of an automobile which he [Jones] was following which in turn from the force therefrom struck the rear of a third automobile, driving the third automobile across the highway and into the path of the automobile in which plaintiff was riding."

At the conclusion of plaintiff's evidence, the court sustained defendant's motion to strike, discharged the jury, and entered judgment for the defendant. The sole question is whether the court erred in taking that action.

The evidence is brief and uncontradicted.

On August 6, 1962, about 3:15 p. m., Bare was a passenger in the back seat of a Ford sedan operated by William S. Mohn on U. S. Route 1, in Chesterfield County, Virginia, headed north. A Chevrolet automobile operated by Leo Francis Kennedy, headed south, suddenly came across the highway and struck the Ford, causing the latter car to crash into a concrete bridge abutment. Bare was severely injured.

Route No. 1, at the point of the accident, has four lanes of traffic, two for southbound travel and two for northbound. The highway is hard surfaced, straight and level, and the traffic lanes are marked by white strips with a double white strip in the center. It was raining slightly. The road surface was wet, but visibility was good. The legal speed limit was 55 miles per hour.

Jones, called as an adverse witness by Bare, testified that he was driving an Oldsmobile sedan southwardly towards his home at Colonial Heights. He was following a motor vehicle, estimated to be three or four car lengths ahead, traveling in the same southbound traffic lane, when that car "suddenly darted out to its left" and he then saw another car, "either stopped or running very slow," in front of him. It developed that this latter car was a pick-up truck operated by Charles Henry Wilmouth. Jones attempted to avoid striking the truck by applying his brakes and turning to his left but was unsuccessful. His car struck the left rear of the truck and both vehicles swerved to their right and went off the highway down an embankment. Jones said he applied his brakes as strongly as he thought advisable, considering the wet condition of the highway.

George V. Baxter, a former State Trooper, who came to the scene of the accident shortly after its happening, said he found four cars at the scene. He identified the vehicles and their locations,

saying he found Jones' car and the Wilmouth truck down a twenty-five foot embankment, on the right side of the southbound driving lane. The Kennedy car, the Chevrolet, was "straddling the double white line in the middle of the highway," and the Ford in the north-bound lane. He did not know the position of the cars before the accident.

William S. Mohn said he was driving the Ford at about 50 miles per hour; that he observed "three or four cars" traveling south on the opposite side of the highway; that an automobile, which turned out to be the Chevrolet, came diagonally across the road towards him "spinning, skidding;" that he "tried to stop and was practically stopped" when the Chevrolet struck his car; and that he did not know what caused the Chevrolet to come into his path.

Bare, the fourth and last witness, said he was sitting in the back seat of the Ford "looking at some notes," and when he raised his head, his car "hit the other vehicle." He did not know how or why the accident occurred.

Bare argues that the case should have been submitted to the jury because a "reasonable inference could be drawn that Jones caused the chain reaction which culminated in the Kennedy vehicle being impelled into Mohn's path."

It will be noted that no one testified as to the position of the Kennedy Chevrolet, where it came from, what lane it was traveling in, or its position in relation to the Jones' car, or the pick-up truck, immediately prior to the accident. It may be inferred from the evidence that the Chevrolet was the car that turned left in front of the Jones' car, since Jones identified only three cars, his car, a car that turned in front of him, and the truck he struck. The whereabouts of the Chevrolet, at the time Jones struck the rear of the truck, is not disclosed. Mohn does not identify any fourth vehicle he observed traveling south prior to the accident. There is no evidence that the pick-up truck, or the Jones' car struck any other car, nor that the Chevrolet was in front of the truck, abreast of it, or following the Jones' car when Jones' car struck the truck, or what caused the Chevrolet to run to its left across the highway into the northbound lane. All of these unanswered questions of fact only lead to speculation and conjecture as to what actually happened at the time and place involved.

The testimony of Jones, called as an adverse witness, is not contradicted. If what he said is true, he was not to blame for the colli-

sion between the Chevrolet and the Ford. That collision might have been due to the negligence of the driver of the Chevrolet, or to one of a number of other causes.

"An inference cannot be drawn from a presumption, but must be founded upon some fact legally established." *Chesapeake & Ohio Railway Company* v. *Heath*, 103 Va. 64, 66, 48 S. E. 508; *Arnold* v. *Wood*, 173 Va. 18, 24, 3 S. E. 2d 374.

The burden was on the plaintiff, Bare, to prove not only that Jones was negligent; but that his negligence was the proximate cause of the collision between the Chevrolet and the Ford. This he signally failed to do.

The principles which govern in this case have been long established, and have been well stated recently by Mr. Justice I'Anson in *Weddle, Administratrix* v. *Draper*, 204 Va. 319, 322, 130 S. E. 2d 462:

"Negligence cannot be presumed from the mere happening of an accident. The burden is on the plaintiff who alleges negligence to produce evidence of preponderating weight from which the jury can find that the defendant was guilty of negligence which was a proximate cause of the accident. The evidence produced must prove more than a probability of negligence and any inferences therefrom must be based on facts, not on presumptions. It is incumbent on the plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover. *Brooks, Adm'r* v. *Hufham*, 200 Va. 488, 494, 106 S. E. 2d 631, 636; *Murphy* v. *Saunders, Inc.*, 202 Va. 913, 917, 121 S. E. 2d 375, 378; *Spurlin, Administratrix* v. *Richardson*, 203 Va. 984, 987, 128 S.E. 2d 273, 276; 13 Mich. Jur., Negligence, § 58, p. 584.

"When a defendant is called as an adverse witness the plaintiff is not bound by such of his testimony as is in conflict with evidence introduced by the plaintiff; but the plaintiff is bound by so much of the testimony of the defendant as is clear, reasonable and uncontradicted."

The facts in the case of *Graham* v. *Danko*, 204 Va. 135, 129 S. E. 2d 825, cited and relied upon by Bare, present a state of facts different from those in this case. In that case, there was some testimony to show what caused the Graham vehicle to go across the road into the path of the car in which Danko was riding. The issues of negligence and proximate cause were there allowed to go to the jury. Here, there is no evidence showing any relation between the striking

of the pick-up truck by Jones' car and the collision between the Chevrolet and the Ford.

In conclusion, we hold there was no evidence upon which a jury could have properly found a verdict for Bare.

The judgment of the trial court is plainly right, and it is affirmed.

*Affirmed.*