## Richmond

CLIFFORD MONK, ADMINISTRATOR OF THE ESTATE OF KENNETH WAYNE LARK, DECEASED v. ZOLA M. HESS, ADMINISTRATRIX OF THE ESTATE OF BENNIE FRANKLIN HESS, JR., DECEASED.

September 1, 1972.

Record No. 7881.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Jack P. Chambers* (*Gillespie and Chambers*, on brief), for plaintiff in error.

*Edwin C. Gillenwater* (*Hugh P. Cline; Cline & McAfee*, on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

Zola M. Hess, administratrix of the estate of Bennie Franklin Hess (plaintiff or Hess), deceased, instituted this action against Clifford Monk, administrator of the estate of Kenneth Wayne Lark (Lark), deceased, seeking to recover damages for the alleged wrongful death

of Hess, who was killed while riding as a guest-passenger in an automobile operated by Lark. The jury returned a verdict for the plaintiff fixing damages at $15,000 for financial or pecuniary loss and $500 for funeral expenses. The trial court entered judgment on the verdict and this appeal ensued.

Defendant claims that the evidence was insufficient to permit the jury to find gross negligence and that plaintiff's decedent was guilty of contributory negligence or assumption of risk as a matter of law.

In view of our holding on assumption of risk, it is unnecessary for us to consider the gross negligence issue.

As we have stated before, "[t]he doctrine of assumption of risk rests on two premises: (1) that the nature and extent of the risk are fully appreciated; and (2) that it is voluntarily incurred." *Leslie* v. *Nitz*, 212 Va. 480, 483, 184 S.E.2d 755, 757 (1971); *Landes* v. *Arehart*, 212 Va. 200, 203, 183 S.E.2d 127, 129 (1971). Moreover, the doctrine of assumption of risk must be distinguished from that of contributory negligence. *See Budzinski* v. *Harris*, 213 Va. 107, 189 S.E.2d 372 (1972); *Stoner* v. *Robertson*, 207 Va. 633, 151 S.E.2d 363 (1966); *Arrington* v. *Graham*, 203 Va. 310, 124 S.E.2d 199 (1962). Carelessness is the essence of contributory negligence while venturousness is the chief characteristic of assumption of risk. *Stoner* v. *Robertson*, 207 Va. at 637, 151 S.E.2d at 366.

The evidence shows that Hess and Lark were killed in a single car collision on U.S. Route 19 near Lebanon, Virginia, at approximately 11:30 p.m. on June 27, 1969. Hess was the only passenger in the 1968 Pontiac "GTO" driven by Lark.

The investigating trooper testified that the marks left by the vehicle began at the center line of the highway and then went toward the left. There were 60 feet of skid marks on the pavement followed by 170 feet on the shoulder of the highway to the point of impact with a "rockfill." After impact the car continued for an additional 67 feet before it came to rest. The vehicle was airborne for at least 20 feet after striking the rockfill.

Florin Jessee, who was working in a nearby filling station, heard "some tires squall" and "sort of a crash or something like someone going into gravels." He turned around in time to see the Lark vehicle "going in a ditch or coming out or something." Jessee stated that Hess and Lark had been in and out of the station several times that night, that he smelled alcohol on them and "they just acted like they were having a good time."

Arthur Kegley was a passenger in the Lark auto earlier that evening but he "got scared and got out" because Lark was "driving too reckless." Kegley testified that he had been drinking from a pint of whiskey with the two decedents.

Johnny Tignor, who had been a passenger in the vehicle shortly before the crash, testified that Lark drove "too fast for the condition of the road" and he (Tignor) "didn't want to ride with him." While at the service station, Lark became "mad" when he attempted to make a phone call and found the phone to be out of order. According to Tignor, Lark then said "he was going to get 160 miles an hour out of his car, or he was going to sell it." Hess and Tignor tried to persuade Lark to remain at the service station. Hess then stated that he "[c]ould stay in a car as long as anybody could at any speed." The fatal collision occurred a few minutes later.

Hess had been a passenger in the car during the time Kegley and Tignor were passengers. He could have ceased riding with Lark as did Kegley and Tignor. His boastful remark in reply to Lark's statement that he would "get 160 miles an hour out of the car" clearly evidences that venturesome spirit which characterizes assumption of risk. It is clear from the record that Hess fully appreciated and voluntarily assumed a known hazard and risk by riding in the car with Lark. Thus, Hess assumed the risk of that which occurred and recovery is precluded.

*Reversed and final judgment.*