## Richmond

CHARLES E. HIGH v. GORDON COLEMAN.

June 10, 1974.

Record No. 730717.

Present, All the Justices.

*Allen J. Gordon,* for plaintiff in error.

*Jack K. Moulton (Robert E. Gibson; Anthony L. Montagna, Jr.,* on brief), for defendant in error.

Per Curiam.

Plaintiff, Gordon Coleman, filed a motion for judgment alleging that he sustained certain personal injuries as a result of the negligence of defendant, Charles E. High. In his grounds of defense, High asserted that he was free of negligence which was a proximate cause of the injury; that plaintiff was guilty of contributory negligence; and that plaintiff assumed the risk of injury. The jury returned a verdict in favor of plaintiff in the amount of $5,000 upon which judgment was entered. We granted defendant a writ of error.

On the afternoon of April 18, 1966, High, a jet engine mechanic, undertook to remove a back yard tree that leaned towards his residence. The tree was situated about three feet from his house, was 35 to 40 feet tall, and had a circumference of approximately 30 inches near the base.

High planned to fell the tree by himself and tied two ropes from it to another tree in order to prevent the tree from falling onto his house. Using a chain saw, he then cut a "notch" about chest high on the side of the tree away from the house. Mrs. High thought her husband should have assistance, so, with High's acquiescence, she sought the aid of Coleman, her uncle,

and a Mr. Barton, her father. When they arrived at the scene, defendant requested that they "swing on the ropes" to prevent the tree from falling onto the house. Defendant then proceeded to saw the tree opposite where he had made the first notch. Barton and Coleman were pulling on the ropes at a point about 14 feet from the tree when the tree began to fall in the direction they were standing. Barton was able to get out of the way. Coleman started to run, tripped on the rope that he was pulling, and was struck and injured by branches of the tree.

Plaintiff testified that defendant did not give him any warning or mention the danger involved in felling the tree. An experienced tree remover testified on behalf of plaintiff. He said that the tree should have been taken down in sections, and that where a rope is used to guide a falling tree, the rope should extend beyond the fall of the tree in order to prevent anyone pulling the rope from being hit.

Defendant contends, *inter alia,* that plaintiff voluntarily and knowingly assumed the risk of injury which was open and obvious to him, and hence, is barred from a recovery.

As we have stated many times, " '[t]he doctrine of assumption of risk rests on two premises: (1) that the nature and extent of the risk are fully appreciated; and (2) that it is voluntarily incurred.' " *Monk, Adm'r* v. *Hess, Adm'x,* 213 Va. 244, 245, 191 S.E.2d 229, 230 (1972).

Here, the plaintiff was in the act of pulling a rope tied to a 35 to 40 foot tall tree which was being felled. He was standing about 14 feet from the trunk at the time. It was evident that the tree would fall toward him and that he would be struck by it if he did not get out of its path. The danger was open and obvious, and he was bound to have appreciated the existing hazard which was voluntarily assumed. We hold, as a matter of law, that plaintiff assumed the risk of injury and is barred from a recovery.

In view of our holding, we consider it unnecessary to discuss other assignments of error.

The judgment appealed from will be reversed and final judgment entered.

*Reversed and final judgment.*