# Mark Thibodeau

## v.

# Michael Vandermark

Record No. 840941

September 4, 1987

Present: All the Justices

*Jerome P. Friedlander, II (Friedlander, Friedlander & Brooks, P.C.*, on brief), for appellant.
*Richard H. Lewis (John D. McGavin; Lewis and Trichilo*, on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

In this negligence case brought by plaintiff-passenger Mark Thibodeau against defendant-driver Michael Vandermark for personal injuries sustained in a one-car accident, the jury returned a verdict in favor of the defendant. The plaintiff assigns error to the granting of instructions on sudden emergency and assumption of risk. He also complains of the deletion of language from a damage instruction which would have permitted him to recover for mental anguish had the jury found in his favor.

The evidence shows that the accident occurred on a rainy afternoon in November 1980 on Shreve Road in Fairfax County. Shreve Road is a two-lane highway handling traffic in both directions, with a posted speed limit of 35 miles per hour. The two lanes are separated by double yellow lines. The road curves to the left where the accident occurred.

Accompanied by the plaintiff and another friend, the defendant was driving his family's 1965 Rambler Sedan. All three boys were

in their junior year in high school. They were en route to a shopping mall to "waste some time."

The defendant entered Shreve Road approximately one-half mile from the accident scene and proceeded along at a speed of 30 to 35 miles per hour. Conversation among the boys turned to the unique features of the old car the defendant was driving. They commented especially about the speedometer, which bore numerals from 1 to 12 rather than 10 to 120.

The plaintiff asked the defendant "how fast" the car would go and then said he "had always gone 70 miles an hour down . . . Shreve Road." The defendant "felt pressured" by the plaintiff's remark, so he pushed the accelerator "to the floor." He increased his speed to 50 miles per hour although he knew there was a curve ahead.

As the vehicle approached the curve, the plaintiff told the defendant to "slow down" because of the "dangerous curve" in the road. The defendant removed his foot from the accelerator, but the accelerator stuck. He reached down with his right hand to free the accelerator, meanwhile steering with his left hand and intermittently looking up at the road and down at the accelerator.

The defendant was unable to free the accelerator. When the vehicle reached the curve, it went out of control, "side-skidded" into a ditch on the left side of the road, crossed a driveway, turned on its side, and struck a utility pole. It developed that a broken spring had caused the accelerator to stick.

The plaintiff first contends the trial court erred in granting an instruction on sudden emergency. Such an instruction is proper, the plaintiff argues, only where the evidence shows that the party requesting the instruction was free from fault in creating the emergency. The defendant's excessive speed on a wet road with knowledge of a curve ahead is sufficient evidence of causative fault, the plaintiff maintains, to disentitle the defendant to the instruction.

The defendant contends it was for the jury to say whether the stuck accelerator or his allegedly negligent actions caused the sudden emergency. The defendant argues that in light of the evidence that a broken spring caused the accelerator to stick and that he was unaware of any problem with the accelerator, the jury could have found that he was free from fault in creating the emergency. Hence, the defendant concludes, the trial court did not err in granting the sudden emergency instruction.

■ We agree with the defendant that ordinarily it is for the jury to say whether an emergency, if one is proved, was created by the fault of the party requesting an instruction on the subject. *Cowles* v. *Zahn*, 206 Va. 743, 746-47, 146 S.E.2d 200, 203 (1966). But, as with questions of negligence, contributory negligence, and proximate cause generally, if reasonable persons could not disagree on the facts and the inferences which may be drawn therefrom, the question whether a party's negligence creates a sudden emergency becomes a matter for decision by the court. *Jordan* v. *Jordan*, 220 Va. 160, 162, 257 S.E.2d 761, 762 (1979).

■ Negligence which will disentitle a party to an instruction on sudden emergency need not be the sole cause of the emergency. In *Gaines* v. *Campbell*, 159 Va. 504, 524, 166 S.E. 704, 711 (1932), we approved an instruction which told the jury that if it believed the manner in which the defendant drove his vehicle caused *or contributed to* the sudden emergency, then his contention that he was acting in an emergency was no excuse and he was liable for his negligence.

The West Virginia Supreme Court of Appeals has expressed the same view in somewhat different language. In *Poe* v. *Pittman*, 150 W.Va. 179, 189, 144 S.E.2d 671, 678 (1965), the Court said that "[a] party may not rely on the sudden emergency doctrine if the situation he alleges to have been a sudden emergency was created, in whole *or in part*, by his own negligence." (Emphasis added.)

■ We are of opinion that reasonable persons could not disagree on the proposition that the defendant's negligence in speeding on a wet road approaching a known curve created, at least in part, the sudden emergency upon which he relies to excuse his conduct. It was error, therefore, requiring reversal, to grant the instruction on sudden emergency.

■ We feel differently about the instruction on assumption of risk. We think the case of *Monk, Adm'r* v. *Hess, Adm'x*, 213 Va. 244, 191 S.E.2d 229 (1972), a guest-passenger case, directly supports the trial court's action in granting the instruction. There, we noted that the "chief characteristic of assumption of risk" is "venturousness." *Id.* at 245, 191 S.E.2d at 230. We found sufficient evidence of venturousness on the part of the passenger in a colloquy between him and his host. In response to a remark by the host to the effect that " 'he was going to get 160 miles an hour out of his car, or he was going to sell it,' " *id.* at 246, 191 S.E.2d at 230,

the passenger replied that he " '[c]ould stay in a car as long as anybody could at any speed.' " *Id.*

We said that the passenger's "boastful remark in reply to [the host's] statement that he would 'get 160 miles an hour out of the car' clearly evidences that venturesome spirit which characterizes assumption of risk." *Id.* Here, the plaintiff asked how fast his host's car would go and then said he "had always gone 70 miles an hour down . . . Shreve Road." We are unable to discern any meaningful difference between the plaintiff's remark in this case and the passenger's statement in *Monk*; hence, we think *Monk* controls. Accordingly, if the evidence is the same on retrial, the court should again grant an instruction on assumption of risk.

■ This leaves the question concerning the deletion from the plaintiff's damage instruction of language relating to mental anguish. The defendant concedes on brief that "mental anguish should not have been excluded from the Court's instructions." On retrial, therefore, the mental anguish language should be included in the plaintiff's instructions, provided the evidence is the same.

For the error in granting the instruction on sudden emergency, we will reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*