COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Elder and Senior Judge Cole
Argued at Richmond, Virginia


GORDON MICHAEL DONAWA,
 s/k/a GORDON MICHAEL DONOWA
                                    MEMORANDUM OPINION* BY
v.         Record No. 1890-95-2      JUDGE LARRY G. ELDER
                                      SEPTEMBER 10, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Walter W. Stout, III, Judge


          Robert P. Geary for appellant.

          Steven A. Witmer, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Gordon Michael Donawa (appellant) appeals his convictions

for murder, in violation of Code § 18.2-32; attempted murder, in

violation of Code §§ 18.2-32 and 18.2-26; use of a firearm in the

commission of both crimes, in violation of Code § 18.2-53.1; and

possession of a firearm by a convicted felon, in violation of

Code § 18.2-308.2.  Appellant contends that the trial court erred

in allowing a police officer to testify about prior consistent

statements made by a witness to the crimes.  We disagree and

affirm appellant's convictions.

     On November 11, 1994, Melvin Smith and Michael Atkins were

conversing on Lakeview Avenue in Richmond.  Appellant and two

_____
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

cohorts, driving in two separate cars, pulled up to Smith and Atkins. One of appellant's cohorts placed a shotgun under Smith's chin and pulled the trigger, although the weapon did not fire. Smith testified that he then fled and heard several gunshots. Smith saw appellant shooting at him with a chrome 9mm pistol while appellant's cohorts shot Atkins to death with their shotguns. Smith testified that after hiding for forty-five minutes on the top of a nearby building, he spotted two police officers, left the roof, and informed the officers of the events.

Smith admitted on cross-examination that he faced a murder charge for a murder that occurred four months after the instant offense and that the Commonwealth helped pay his rent after November 11, 1994. The defense attempted to impeach Smith's credibility on various points and attempted to show that Smith hoped to receive favorable treatment from the Commonwealth on the murder charge. Over appellant's objection, the trial court allowed Officer Phillip Caudrey to relate Smith's prior consistent statements regarding the events. A jury found appellant guilty of murder, attempted murder, related firearm charges, and possession of a firearm by a felon. Appellant appeals to this Court.

Appellant bears the burden of showing that the trial court's ruling to admit the evidence of Smith's prior consistent statements constituted clear reversible error. See Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert.

<u>denied</u>, 449 U.S. 1017 (1980).  Appellant did not meet this burden in this case.

"As a general rule, a prior consistent statement of a witness is inadmissible hearsay."  <u>Faison v. Hudson</u>, 243 Va. 397, 404, 417 S.E.2d 305, 309 (1992).  The Supreme Court of Virginia has recognized, however, "a few narrowly circumscribed exceptions" to this general rule.  <u>Id.</u>  These exceptions include when a witness is impeached by:  (1) a suggestion that the witness is motivated by bias, interest, or corruption; (2) a charge that the witness' testimony is a recent fabrication or he has a motive to falsify his story; (3) an allegation that the witness had a design to misrepresent; and (4) an attack on the witness' credibility by the introduction of a prior inconsistent statement.  <u>Id.</u> at 404-05, 417 S.E.2d at 309-10.

Appellant attempted to show that Smith had a motive to falsify his version of events in order to garner favorable treatment from the Commonwealth, which charged Smith with a murder allegedly committed on March 23, 1995, four months after the instant offenses.  Appellant's counsel specifically asked Smith, "[d]o you have any hope, any expectation because of your testimony that you might get a little bit of favorable treatment [in your murder case]?"  After Smith responded in the negative, counsel again asked, "[y]ou don't have any hope of that at all?"

We hold that once appellant tried to show Smith's motive to give testimony favorable to the Commonwealth, the Commonwealth

properly introduced Smith's prior consistent statements, which he made to the officer <u>before</u> the event giving rise to Smith's supposed bias.  <u>See</u> <u>Gallion v. Winfree</u>, 129 Va. 127, 105 S.E. 540 (1921); <u>Graham v. Danko</u>, 204 Va. 135, 129 S.E.2d 825 (1963).  The trial court properly allowed the Commonwealth to bolster Smith's credibility, after appellant called it into question, by showing that Smith's version of events given at trial matched the version of events given the day of the shootings.

Because the trial court did not err in ruling that the evidence was admissible, we affirm appellant's convictions.

<u>Affirmed.</u>