# Richmond

## B. L. BARNES, TRADING AS COMMUNITY MOTOR BUS COMPANY v. CLYDE W. MABRY AND CLYDE W. MABRY, JR.

April 21, 1947.

Record No. 3179.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston, Spratley and Buchanan, JJ.

The opinion states the case.

*Kellam & Kellam* and *White & Ryan*, for the plaintiff in error.

*Preston P. Taylor*, for the defendants in error.

HOLT, C. J., delivered the opinion of the court.

This case deals with damage to plaintiff's bus wrecked by collision with defendants' automobile. Plaintiff's evidence was on motion stricken, and that order is before us on a writ of error.

Deep Creek boulevard is an arterial highway in Norfolk county. It is a hard-surfaced road with pavement 21 feet wide. Kirby avenue is a dead-end highway about two blocks long with pavement 14 feet wide. It enters into Deep Creek boulevard from the west but does not cross it to the east.

On February 3, 1946, at about 7:15 in the morning, plaintiff's bus was proceeding north on this boulevard on its right side at a speed of from 20 to 25 miles an hour. There was then another bus on this boulevard going south on its right hand or west side. These two buses were scheduled to meet and pass each other at or about the intersection of Kirby avenue. There was then a milk truck on Kirby avenue headed east, and that truck stopped just before reaching the

boulevard, about four feet from its paved surface, to permit the north- and southbound buses on it to pass in safety.

There followed this milk truck an automobile owned by Clyde W. Mabry, a defendant, and driven by his son, Clyde W. Mabry, Jr., a boy fourteen years old. Its speed was about 30 miles an hour. It did not stop as the milk truck had stopped, but, in the language of a witness, it "shot" past the milk truck to the left and entered the boulevard with undiminished speed. Its speed was such that it could not make a left turn in safety but ran into the northbound bus, striking the bus at the left front corner with its right front fender. After the impact, the Mabry car swerved to the left and went off the road into a ditch; the bus continued on the shoulder until it struck a brick column at the entrance to Memorial Cemetery.

The southbound bus passed this intersection in safety. The driver of the northbound bus did not see the automobile at all until that car was about half way across the boulevard. It attempted to avoid a collision, cut to the right, throwing its right wheel off the paved surface and continued on until it struck said pillar and was wrecked. While the driver of the bus did not see this automobile, it did see the milk truck and noted that it had not come into the boulevard but had stopped on its edge, apparently with the purpose of permitting both the north- and southbound buses to pass in safety. The southbound bus did pass in safety, as did the northbound bus so far as the milk truck was concerned, but the northbound bus was, as we have seen, in collision with the automobile which had shot ahead of the milk truck. The bus driver further said that the automobile was about five feet away when he first saw it.

Upon completion of the plaintiff's evidence, the defendants moved to strike. After argument the court said:

"Gentlemen of the jury, there has been a motion to strike the evidence of the plaintiff, which motion was sustained, and you, therefore, shall retire to your jury room and bring in a verdict as though there had been no evidence for the plaintiff in this case."

Whereupon the jury retired and subsequently returned the following verdict:

"We, the jury find for the defense."

This verdict the court affirmed.

The negligence of the driver of the automobile is really not in dispute, but the defendants contend that the driver of the northbound bus was also negligent and that his negligence contributed to the accident. In that view he was sustained by the trial court.

A motion to strike at the conclusion of the plaintiff's evidence in chief, before any evidence on behalf of the defendant has been introduced, should not be sustained unless it is plain that the court would be compelled to set aside a verdict for the plaintiff considered as a demurrer to evidence. *Gray* v. *Van Zaig*, 185 Va. 7, 37 S. E. (2d) 751. If a demurrer to the evidence should be sustained, the motions to strike out that evidence should be sustained but not otherwise.

Plaintiff's bus was traveling north on an arterial highway. The defendants' automobile was traveling east on an intersecting dead-end paved street. These two vehicles were approaching this intersection at approximately the same time.

When two vehicles approach an intersection at approximately the same time, the driver of the vehicle on the left yields the right of way to the driver of the vehicle on the right. Code, section 2154(123).

In *Johnson* v. *Harrison*, 161 Va. 804, 172 S. E. 259, Mr. Justice Gregory said:

"Chief Justice Campbell clearly expressed the principle, in the case of *Hogan* v. *Miller*, 156 Va. 166, 157 S. E. 540, 544, where he said: 'In the enactment of section 2145(20), Motor Vehicle Act, section 19, the legislature never intended to relieve the driver of an automobile of the duty of exercising due care when approaching an intersection, even though he may have the right of way'."

We have no purpose to recede from what was said there. But, as we said in *Otey* v. *Blessing*, 170 Va. 542, 197 S. E. 409:

"It is natural to assume that one on a main highway, rapidly approaching a crossing, would take it for granted that another on a secondary road likewise approaching it, but who had stopped, did so with the intention of giving arterial traffic the right of way."

If the driver of this bus did not exercise due care, he was negligent. He did not see the automobile before it had reached the milk truck, but he did see the milk truck, and he did see that it had stopped on the edge of the boulevard to permit the two buses approaching the intersection to pass each other in safety. Had he seen the automobile driving up to this intersection, he would have had every right to believe that it would stop, as had the milk truck, to permit these buses to pass. In such circumstances it was but natural for him to turn his attention to the bus which he was meeting. These buses are vehicles of considerable size and for them to pass each other in safety each must keep in its own lane.

Clyde W. Mabry filed a plea under oath denying that Clyde W. Mabry, Jr., was acting as his servant or agent, or that he was in any way acting on his behalf at the date of said accident, February 3, 1946. There is no proof of agency. It follows that the motion to strike, so far as Clyde W. Mabry is concerned, was and is good.

When the automobile passed the milk truck to its left, it was not then visible to the bus driver. It shot out into the boulevard going thirty miles an hour. Whether or not the bus driver then had a clear chance or any chance at all to avoid a collision are preeminently jury questions. It follows that neither a motion to strike nor a demurrer to the plaintiff's evidence should have been sustained.

*Reversed and remanded.*