# Richmond

MARY W. CROCKER v. WTAR RADIO CORPORATION

January 26, 1953.

Record No. 4015.

Present, Eggleston, Spratley, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Edward S. Ferebee,* for plaintiff in error.

*Hughes, Little & Seawell* and *Harry E. McCoy, Jr.,* for defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Mary W. Crocker, hereinafter called the plaintiff, filed an action at law against WTAR Radio Corporation, hereinafter called the defendant, to recover damages for injuries sustained

in a fall on the latter's premises. At the close of the plaintiff's case the lower court sustained a motion to strike the evidence, on the ground that it showed that the plaintiff was guilty of contributory negligence as a matter of law. A verdict and judgment for the defendant necessarily followed, and we granted the plaintiff a writ of error to determine whether the evidence was sufficient to go to the jury on the issue of the defendant's negligence and the plaintiff's contributory negligence.

The plaintiff was an invitee of the defendant at its studio in its newly constructed radio and television building in the city of Norfolk, where she and others had gone to take part in a fashion show. The participants in the show were directed by Alice Brewer White, an employee of the defendant who was in charge of the program, to pass in single file through an entrance at the left of the rear of the stage and thence onto the stage.

The stage floor, as constructed, has two levels, both extending the width of the stage, the rear section which is adjacent to the entrance through which the plaintiff passed being from four to six inches higher than the level at the front of the stage. The drop in level is located just a step or two from the entrance. Thus in order to complete her passage from the entrance to the front of the stage, it was necessary that the plaintiff turn to the right and after taking approximately two steps, step down from the higher to the lower level.

The plaintiff testified that she had never been on the stage before and was unaware of the difference in the level. She said that after she walked out on the upper level of the stage she turned to the right, took one step with her right foot, glanced down, saw what appeared to her to be a level polished oak floor, stepped off with her left foot into space, and fell on the floor of the lower level.

According to her testimony, which is corroborated by that of others, there was no special marking on the floor to indicate a step down. Neither was there any difference in the coloring of the two levels. Both were of highly polished oak and, as the plaintiff said, "looked like just one straight floor." She said that although she looked she did not observe the difference in the levels, "Because the floor was perfectly matched. You could not tell that there was any drop just from looking at it."

Above the stage were several bright lights which shone directly on the floor.

The undisputed evidence is that there were no posted signs or floor lights which indicated the difference in the two levels. According to the testimony of the plaintiff she was given no verbal warning of this situation before she went on the stage.

There is also evidence that on prior occasions Mrs. White, the directress of the program in which the plaintiff was taking part, had fallen at the same place. Moreover, the participant who immediately preceded the plaintiff in the line of march failed to observe the step down, partly fell, but was saved from injury through the help of one of her companions. The plaintiff, however, did not observe this incident because, as she said, it occurred before she had turned the corner at the stage entrance.

■ The legal principles applicable to cases of this character are well settled in this State and are thus summarized in *Knight* v. *Moore*, 179 Va. 139, 145, 146, 18 S. E. 2d 266, 269, 270:

The owner is not an insurer of the invitee's safety on the premises, but must use ordinary care to render them reasonably safe for the invitee's visit.

While the owner must give notice or warning of an unsafe condition which is known to him and unknown to the invitee, such notice is not required where the dangerous condition is open and obvious and patent to a reasonable person exercising ordinary care for his own safety.

An invitee has the right to assume that the premises are reasonably safe for his visit, and in the absence of knowledge or warning of danger is not required to be on the lookout for it.

■ "Unless the evidence is without conflict, or unless fairminded men cannot differ on the inferences to be drawn from it, the questions as to whether the owner of the premises has exercised the required care toward his invitee, and whether the latter has been guilty of contributory negligence, are matters for the jury." (179 Va., at page 146, 18 S. E. 2d, at page 270).

As applied to the present situation, it is generally held that a slight difference between floor levels does not in itself indicate negligence with respect to injuries incurred by persons rightfully on the premises, unless, "owing to the character, location, or surrounding condition of the change of level, a

reasonably careful person would not be likely to expect or see it." 65 C. J. S., Negligence, § 81, p. 585; *Anderson* v. *Sears Roebuck & Co.,* 223 Minn. 1, 26 N. W. 2d 355, 357, 358.

Nor is the owner of the premises required to give warning of such situation which is open and obvious to an ordinarily intelligent person. *Benton* v. *United Bank Bldg. Co.,* 223 N. C. 809, 28 S. E. 2d 491, 493.

But there may be added circumstances and conditions from which an inference of negligence may be drawn. Thus, where the evidence shows that the physical situation is not open and obvious, or will support an inference that it is not, the owner of the premises is required to exercise ordinary care to give reasonable notice or warning of the situation. *Eklund* v. *Kapetas* 216 Minn. 79, 11 N. W. 2d 805.

In the case before us the evidence on behalf of the plaintiff would at least warrant the inference that because of the nature of the floor—the fact that both levels were of highly polished oak, had the same appearance, and were "perfectly matched" —the difference in the levels was not readily ascertainable by one exercising ordinary care. It is a matter of common knowledge that a difference in floor level is not so easily observed by one about to step down as it is by one about to step up. Moreover, the illusion of a single level floor may well have been accentuated by the bright overhead lights which shone on the highly polished surfaces. Thus, while the situation was "open" to the plaintiff, in the sense that there was no obstruction between her and the step, it was not necessarily "obvious" to her.

In this situation we think it was for the jury to say whether, in the exercise of ordinary care to make its premises reasonably safe, the defendant should have given a warning of the situation, or taken other precautions to guard against injury to an invitee who was unaware of the condition.

Similarly, we think it was a question for the jury as to whether the situation was so open and obvious and patent to the plaintiff that in the exercise of ordinary care she should have observed it. *Knight* v. *Moore, supra* (179 Va., at page 147, 18 S. E. 2d, at page 270.)

For recent similar cases holding that it was for the jury to say whether the invitee was guilty of contributory negligence in not observing the difference in floor levels, see *Mulford* v.

*Cotton States Hotel Co.,* 213 N. C. 603, 197 S. E. 169; *Eklund* v. *Kapetas, supra; Cogswell* v. *C. C. Anderson Stores Co.,* 68 Idaho 205, 192 P. 2d 383; *Hansen* v. *Brown,* 123 N. J. L. 223, 8 A. 2d 330; *Torri* v. *Richter,* 272 App. Div. 1087, 74 N. Y. S. 2d 561 (leave to appeal denied, 297 N. Y. 1042, 77 N. E. 2d 525).

The judgment complained of is reversed, the verdict set aside, and the case remanded for a new trial in accordance with the principles here stated.

*Reversed and remanded.*