# Richmond

## Lola B. Spurlin, Administratrix, Etc. v. H. Sabe Richardson, Et Al.

December 3, 1962.

Record No. 5480.

Present, All the Justices.

*Willard R. Finney* and *Archibald A. Campbell* (*Campbell & Campbell*, on brief), for the plaintiff in error.

*John B. Spiers, Jr.* (*Spiers & Spiers*, on brief), for the defendants in error.

I'Anson, J., delivered the opinion of the court.

The plaintiff, Lola B. Spurlin, as administratrix of the estate of Dale Spurlin, brought this action for wrongful death against the defendants, H. Sabe Richardson and E. J. Richardson, Jr., individually and as partners trading as Richview Dairy, and Rudolph Rutherford, an employee of Richview Dairy. She alleged that the defendants were negligent in the parking of a tractor attached to a hay baler on a steep incline in a barnyard; that they knew children frequently played there; that the motor of the tractor was left running; that the brakes were defective and improperly set; that the wheels of the tractor and hay baler were not scotched; and that their negligence caused the machinery to roll down the incline which resulted in the death of her seven-year-old son, Dale. At the conclusion of all of the plaintiff's evidence the trial court sustained a motion to strike her evidence, discharged the jury, and entered summary judgment for the defendants. From this judgment we granted the plaintiff a writ of error.

The plaintiff contends that the trial court erred in (1) striking her evidence and entering summary judgment for the defendants, and (2) excluding certain evidence offered by her.

The evidence shows that on June 16, 1959, at approximately 3:15 P.M., the hay baler attached to the tractor was backed into a shed in the barnyard of the Richview Dairy by the defendant Rudolph Rutherford. The baler, filled with hay, rested on flat ground entirely within the shed, and a part of the tractor extended out of the shed on a slight downgrade. The motor of the tractor was cut off and the brakes were applied. Neither the wheels of the tractor nor of the baler were scotched with blocks. It was not shown whether the tractor was left in or out of gear.

The decedent's father and brother, who worked on the farm, testified that they saw Rutherford engage the brakes of the tractor, pull the catch to lock them, and saw the catch fall into the notch which locked them.

The plaintiff's nephew, who was employed on the farm, testified that the tractor had not moved between the time it was parked and 5:15 P.M., and that he did not see anyone except the farm manager in the barn lot during that time.

At about 5:30 P.M., Dale Spurlin and his two brothers, Danny, aged 4, and Kenneth, aged 10, went to the barnyard from their home, located on the farm one-fourth of a mile away, to take a milk can to their father who was working in the barn. They placed the can in the milkhouse and then proceeded to play on the tractor. Kenneth sat backwards on the operator's seat of the tractor with his legs hanging to the rear, and the smaller boys were on each side of him between the seat and the wheels. They were talking to each other when the tractor suddenly lunged forward, throwing Kenneth and Dale to the ground, and Dale was run over and killed by a wheel of the baler. The machinery continued down the grade, glanced off a parked pick-up truck and then crossed a public road which ran alongside the barnyard, where Kenneth jumped back onto the tractor and steered it into a wooden fence to stop it. The engine of the tractor never started, and the position of its gears and brakes after the accident was not shown. Kenneth testified that he did not see his brothers touch the brakes, starter or any other instrument of the tractor.

The children were not accustomed to playing in the barnyard and only went there occasionally. When they went there they were usually accompanied by one of their parents and were told by them not to play on the machinery. There is no evidence that any of the defendants knew that the children frequently played in the barnyard or ever played on the farm equipment.

The only evidence relating to the condition of the tractor's brakes was the testimony of one of the plaintiff's witnesses, who said that they were in good condition but hard to push down and difficult for a child to engage or release. There was no evidence that the brakes were in any way defective.

█ The rule is firmly established in Virginia that in considering a motion to strike all the plaintiff's evidence all inferences which a jury might fairly draw from his evidence must be drawn in his favor, and where there are several inferences which may be drawn the court must adopt those most favorable to the party whose evidence is sought to be stricken, unless they are strained, forced or contrary to reason. *Green* v. *Smith*, 153 Va. 675, 680, 151 S. E. 282, 283; *Pike* v. *Eubank*, 197 Va. 692, 698, 90 S. E. 2d 821, 825; *Smith* v. *New Dixie Lines*, 201 Va. 466, 470, 111 S. E. 2d 434, 437.

█ The burden was on the plaintiff to prove that the negligence of the defendants was the proximate cause of the accident. There is no presumption of negligence from the mere happening of an accident, and it is the plaintiff's duty to prove how and why the accident occurred. The evidence must establish more than a probability of negligence. Inferences must be founded on facts legally established. If it is left to conjecture, guess or random judgment, the plaintiff cannot recover. *Murphy* v. *Saunders, Inc.*, 202 Va. 913, 917, 121 S. E. 2d 375, 378; *Dudley* v. *Guthrie*, 192 Va. 1, 6, 63 S. E. 2d 737, 740; *Richter* v. *Seawell*, 183 Va. 379, 382, 32 S. E. 2d 62, 63.

We are not unmindful that children act thoughtlessly and upon childish impulses and that care commensurate with the circumstances imposes on a defendant a greater duty in relation to children than to adults. Yet a defendant is not an insurer of their safety, and a plaintiff must still bear the burden of proving negligence before he is entitled to recover. *Ward, Adm'r* v. *Lewis*, 197 Va. 811, 814, 91 S. E. 2d 393, 395; *Boyd* v. *Brown*, 192 Va. 702, 712, 66 S. E. 2d 559, 565.

█ The plaintiff failed to prove the material allegations of her pleadings. It was shown by her own evidence that the motor of the tractor had been cut off when it was parked at 3:15 P.M.; that the brakes were properly set and locked and that they were not defective. Indeed, there was positive testimony that the brakes were in good condition. The children were seldom in the barnyard when the defendants were there, and there is no evidence that the defendants knew or should have known that the children ever played on the farm equipment.

While it is true that the front wheels of the tractor were on a slight

downgrade, it remained in its parked position with its wheels locked for more than two hours before moving. Hence, it was neither foreseeable nor reasonably anticipated by the defendants that the brakes would not hold it in its parked position. Foreseeableness or reasonable anticipation of the consequences of an act is determinative of the question of the defendants' negligence. The defendants were not required in the exercise of ordinary care to take extraordinary precautions by scotching the wheels. In *Virginia Iron, Etc., Co.* v. *Hughes*, 118 Va. 731, 88 S. E. 88, this Court quoted with approval the following:

" 'It is not negligence to fail to take precautionary measures to prevent an injury, which if taken would have prevented it, when the injury could not reasonably have been anticipated, and would not have happened but for the occurrence of exceptional circumstances.' " 118 Va. at p. 741, 88 S. E. at p. 92.

For similar holdings see *Dennis* v. *Odend'Hal-Monks Corp.*, 182 Va. 77, 80, 28 S. E. 2d 4, 5; *Newport News, Etc., Elec. Co.* v. *Clark*, 105 Va. 205, 52 S. E. 1010, 115 Am. St. Rep. 868, 6 L. R. A. (N. S.) 905; *Southern Ry. Co.* v. *Bell* (4 Cir.), 114 F. 2d 341, 343.

Here we have proof of the accident, but it has not been established by the evidence that it was caused by the negligence of the defendants. For some reason the tractor moved from its parked position while the children were on it, but there is no evidence as to why and how it was caused to move. It may have been due to one of two causes, for one of which the defendants were responsible and for the other of which they were not. Since the plaintiff is required to make out her case by a preponderance of the evidence, she cannot recover if it is just as probable that the accident was caused by the one as by the other. *Dishman, Adm'r* v. *Pitts, Adm'r*, 202 Va. 548, 552, 118 S. E. 2d 509, 512; *Richter* v. *Seawell, supra*, 183 Va. at p. 383, 32 S. E. 2d at p. 63; *Pearcey* v. *St. Paul Fire Ins. Co.*, 163 Va. 928, 931, 932, 177 S. E. 843, 845.

A verdict in favor of the plaintiff could not have been upheld under the evidence because it would have been based on speculation or guess as to what caused the tractor to move from its parked position. Thus it was proper for the court to sustain the motion to strike the plaintiff's evidence and enter judgment for the defendants. *Dudley* v. *Guthrie, supra*, 192 Va. at p. 6, 63 S. E. 2d at p. 740; *Barnes* v. *Mabry*, 186 Va. 243, 246, 42 S. E. 2d 304, 305; *Green* v. *Smith, supra*, 153 Va. at p. 681, 151 S. E. at p. 283.

█ The plaintiff contends that the court erred in excluding evidence, heard out of the presence of the jury and made a part of the record, that the tractor had rolled from a parked position after the brakes were set on four previous occasions within the period of nine months before this accident. She argues that the evidence was admissible to show that the "Defendants had notice and actual knowledge that the brakes were defective."

Evidence of other similar accidents or occurrences, when relevant, is admissible to show that the defendant had notice and actual knowledge of a defective condition; but it is well settled that evidence of prior accidents or occurrences is not admissible and can have no effect in establishing the defendant's knowledge of a danger unless the plaintiff shows that those prior accidents or occurrences happened at substantially the same place and under substantially the same circumstances, and had been caused by the same or similar defects and dangers as those in issue, or by the acts of the same person. *Powhatan Lime Co. v. Whetzel's Adm'x*, 118 Va. 161, 171, 86 S. E. 898, 902; *Hendricks v. Monongahela West Penn Public Service Co.*, 111 W. Va. 576, 586, 587, 163 S. E. 411, 415; 20 Am. Jur., Evidence, §§ 304, 305, pp. 282-284; 32 C. J. S., Evidence, §§ 583, 584, pp. 438, 439; 65 C. J. S., Negligence, § 234, pp. 1051, 1052, 1055, 1056; Annotations: 128 A. L. R. 595, 596-606; 70 A. L. R. 2d 167, 179-185, 198-208; 7 Mich. Jur., Evidence, § 46, p. 389; Nash, The Law of Evidence in Virginia and West Virginia, § 86, p. 150. Cf. *Riverside & Dan River Cotton Mills, Inc. v. Waugh*, 117 Va. 386, 390, 84 S. E. 658, 660; *Knight v. Moore*, 179 Va. 139, 148, 149, 18 S. E. 2d 266, 271.

In the present case the conditions and circumstances of each of the four prior occasions on which the tractor had rolled off were not shown to be substantially similar to the one in question. On one occasion the tractor moved about a foot while it was stopped by the defendant Rutherford on a knoll in the field. The motor was left running and the brakes were not properly set. When the brakes were set and locked the rolling stopped. On another occasion the motor of the tractor would not start and it was left stuck in a snow bank with the brakes off and out of gear. When the snow melted the tractor rolled across the road. On the other two occasions the tractor was found in different places from where it had been left, and there was no evidence as to the degree or condition of the incline from which it moved or the position of the gears and brakes. Moreover, none of the four prior occurrences was shown to have been caused by defec-

tive brakes, and thus could not have charged the defendants with notice and actual knowledge of a defective condition. Hence the trial court was correct in excluding such collateral evidence which could only have confused the issues and misled the jury.

The last contention made by the plaintiff is that the evidence of James Blevins, to the effect that the farm manager of Richview Dairy had instructed him to park the tractor on an incline so that it could be easily started by rolling it down the grade, should not have been excluded.

Evidence of collateral facts, from which no fair inferences can be drawn tending to throw light upon the particular fact under investigation, is properly excluded for the reason that such evidence tends to draw the minds of the jury away from the point in issue, to excite prejudice and mislead them. *Sanitary Gro. Co.* v. *Steinbrecher*, 183 Va. 495, 499, 32 S. E. 2d 685, 686; *Moore* v. *City of Richmond*, 85 Va. 538, 539, 8 S. E. 387, 388; 7 Mich. Jur., Evidence, § 42, p. 383.

It was not shown that Rutherford, who parked the tractor before the accident in issue, or any other employee except Blevins, had been given instructions to park it on a grade so that is could be easily started. The conditions and circumstances existing at the time Blevins received instructions from the farm manager are not shown in the evidence. The prior instruction given Blevins was not relevant to the issue of the defendants' negligence in the present case and was properly excluded by the trial judge.

For the reasons stated the judgment is

*Affirmed.*