## Richmond

TOWN OF HILLSVILLE V. BEULAH E. NESTER.

June 10, 1974.

Record No. 730533.

Present, All the Justices.

*Philip M. Sadler (Gilmer, Sadler, Ingram, Sutherland & Hutton*, on brief), for plaintiff in error.

*Richard W. Davis*, for defendant in error.

Per Curiam.

Beulah E. Nester (plaintiff) filed a motion for judgment against Town of Hillsville, a Municipal Corporation, (defendant) alleging negligence in failing to repair a defective sidewalk and claiming damages for personal injuries resulting from a fall. The trial court overruled defendant's two motions to strike plaintiff's evidence and defendant's motion to set aside the verdict and entered final judgment on the jury's verdict for $10,000.

The sole question is whether plaintiff was guilty of contributory negligence as a matter of law "because the crack where she tripped and fell was open and obvious and should have been seen by the plaintiff if she had been keeping any lookout at all for her own safety."

At 4:30 p.m. on February 22, 1972, a clear, sunny day, plaintiff, a 56 year old seamstress employed some eight months at the Mayville Company plant, left work for the day and walked along the sidewalk toward her car parked in a nearby lot. Ahead of her at a distance of "two or three feet" was a group of eight to

ten of her fellow employees and another group followed her. At a point only a few feet from the Mayville Company exit, one slab of the sidewalk had settled about two and one half inches below the connecting slab. Although the depression had existed for several years and plaintiff had walked over it on her way to work that morning and numerous times previously, she testified that she "had never noticed it." Plaintiff struck her toe against the ledge, stumbled against the building abutting the sidewalk, and fell. Plaintiff testified further that with the glasses she was wearing she had good vision; that she was not overly tired; that she had not ingested any medication; that no one called to her; that she did not look aside; and that she was "just going up the street as I usually did. I don't recall anybody even speaking to me."

We are of opinion that plaintiff was guilty of contributory negligence as a matter of law.

A pedestrian injured on account of a sidewalk defect is guilty of contributory negligence as a matter of law when he had actual knowledge of the defect and no reasonable excuse for inattention. *Town of Virginia Beach* v. *Starr*, 194 Va. 34, 72 S.E.2d 239 (1952), *Hill* v. *City of Richmond*, 189 Va. 576, 53 S.E.2d 810 (1949).

The same is true when, although the pedestrian had no actual knowledge, the defect was open and obvious and, by the exercise of ordinary care, could have and should have been seen. *City of South Norfolk* v. *Dail*, 187 Va. 495, 47 S.E.2d 405 (1948), *City of Staunton* v. *Kerr*, 160 Va. 420, 168 S.E. 326 (1933).

To accept plaintiff's testimony that she "had never noticed" the defect prior to the accident, we must necessarily conclude that during the numerous trips she had passed over the defect safely, she was remarkably unobservant. For, as the testimony and photographic exhibits illustrate, the defect was not minor or latent but substantial and readily discernible to the most casual view.

Counsel for plaintiff argues that on the date of the accident the defect was obscured by those walking in front of plaintiff. But it is significant that plaintiff herself did not give that as a reason for her fall. Nor did she say that her vision was otherwise obscured or that her attention was distracted by fellow pedestrians or other circumstance. In *Dail* and *Kerr* we quoted

with approval the following from *Lerner* v. *City of Philadelphia,* 221 Pa. 294, 295-96, 70 A. 755 (1908):

"When the accident occurs in broad daylight, in consequence of an open and exposed defect in the sidewalk, the burden rests upon the party complaining to show conditions outside of himself which prevented him seeing the defect, or which would excuse his failure to observe it."

Plaintiff produced no evidence to show that those ahead of her prevented her from seeing the defect. While a pedestrian is not required to keep his eyes fixed constantly upon the sidewalk ahead of him, he cannot walk heedlessly along in complacent faith that his path is free and clear of pitfalls and obstacles.

We believe that the evidence, which leaves no material fact in dispute, compels the single conclusion that, for the same reason plaintiff failed to notice the defect during the eight months she had used the sidewalk, she failed to see the defect on the day of the accident; she was simply unobservant and neglected to see what was open and obvious and what, by maintaining a lookout commensurate with the circumstances obtaining, she should have seen.

The judgment is reversed, and final judgment is entered here for defendant.

*Reversed and final judgment.*