## ELEANOR MARIE SCOTT

### V.

## CITY OF LYNCHBURG

Record No. 900699

January 11, 1991

Present: All the Justices

*Thomas L. Phillips, Jr. (Phillips, Phillips & Phillips*, on brief), for appellant.

*Henry M. Sackett, III (Edmunds & Williams*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court erred in ruling that, as a matter of law, the plaintiff was contributorially negligent.

Eleanor Marie Scott sued the City of Lynchburg for injuries she sustained in a fall at the City's "Community Market." After the parties had completed discovery, the City moved for summary judgment on the ground that, as a matter of law, Scott was guilty of contributory negligence. The parties stipulated that the trial court could consider the discovery depositions of Scott, of her husband, and of her expert witness in ruling on the City's motion. Thereupon, the court sustained the motion and entered summary judgment in favor of the City. Scott appeals.

The facts are undisputed. On May 2, 1987, about 5:40 a.m., Scott and her husband arrived at the Lynchburg City Market to sell honey and related products. That day, the market was having its grand opening following renovations.

The market is enclosed with a series of bays where vendors' goods are unloaded. A vendor gains access to a bay through a door on the outside of the market building. The door opens onto a raised, concrete landing within the bay. The landing, approximately 10 feet deep, drops off 5½ inches to the interior of the market's concrete floor. Tables are positioned in each bay along the top edge of the 5½-inch curb, and steel support beams are located between the tables. The curb, a part of the original building, was not affected by the renovations.

Immediately after Scott and her husband arrived at the market, they began unloading their goods from their automobile. In the process, Scott entered the bay and, while walking "sideways" between a table and a steel beam, stepped off the 5½-inch curb and fell. Scott sustained a broken hip from the fall.

Scott was born on June 8, 1923. She began visiting the market when she was a young girl and had visited it many times. She had been aware of the curb's existence throughout the time of her visitations.

Since July or August 1986, when Scott's husband began selling his products at the market, Scott had accompanied her husband to the market on at least 10 occasions and had assisted him in unloading products for sale. Scott, however, had negotiated the curb on only one of these occasions. At other times, she had entered the

market through the public access door and approached the tables from inside the market.

Scott testified that, on the morning she fell, she "forgot the curb was there." She further stated that the area "was poorly lighted, the floor was gray, the curbing was gray, and there were no warning signs whatsoever."

Scott had "night blindness" that caused her to see less well at night. A professor of "human factors engineering" testified as an expert witness. The expert opined, based upon tests conducted where Scott fell, that the step would have been virtually undetectable to an ordinary person with normal vision because both the brightness contrast and the color contrast between the upper and lower surfaces were insufficient for reliable visual discrimination.

A person who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a matter of law. *Rocky Mount Shopping Ctr. Assoc.* v. *Steagall*, 235 Va. 636, 369 S.E.2d 193 (1988); *West* v. *City of Portsmouth*, 217 Va. 734, 232 S.E.2d 763 (1977); *Hillsville* v. *Nester*, 215 Va. 4, 205 S.E.2d 398 (1974). Whether a condition or defect is open and obvious may be, under certain circumstances, a jury issue. *See, e.g., Crocker* v. *WTAR Radio Corp.*, 194 Va. 572, 74 S.E.2d 51 (1953).

In *Crocker*, there was a slight difference in the two levels of a stage. The two levels were "of highly polished oak, had the same appearance, and were 'perfectly matched.'" 194 Va. at 575, 74 S.E.2d at 53. We held that the plaintiff was not guilty of contributory negligence as a matter of law because a jury reasonably could infer that the two levels were not readily ascertainable by a person exercising ordinary care. *Id.* We explained that "while the situation was 'open' to the plaintiff, in the sense that there was no obstruction between her and the step, it was not necessarily 'obvious' to her." *Id.*

Relying upon *Crocker*, Scott contends that the issue, whether the curb was open and obvious, should have been submitted to a jury. This is so, she asserts, because her expert testified that, due to an insufficient contrast of brightness and color between the two levels, the curb was virtually undetectable by an ordinary person with normal vision.

The present case, however, differs from *Crocker* in one significant aspect. Scott, unlike the plaintiff in *Crocker*, knew of the existence of the condition.

In *Hill v. City of Richmond*, 189 Va. 576, 53 S.E.2d 810 (1949), the plaintiff fell when he stepped in a depression in a sidewalk that was covered with snow. He knew of the existence of the depression and that it was near the curb to his left. The plaintiff easily could have avoided the depression by walking to his right.

> Yet, without any reasonable excuse for his forgetfulness and inattention, and with a perfectly safe and convenient way in front of him on the right of the sidewalk, he failed to pay attention to where he was going, carelessly walked along the side where he knew the defect was and stepped into the depression with which he was entirely familiar.

*Id.* at 584, 53 S.E.2d at 813-14. Based upon these facts, we held that, as a matter of law, the plaintiff in *Hill* was contributorially negligent. *Id.* at 584, 53 S.E.2d at 814.

There are no significant differences between the facts in *Hill* and those in the present case. Scott had known of the curb's existence for many years and had observed it on at least 10 occasions within a few months prior to her fall. Indeed, on one of those occasions, she had stepped off the curb at the very spot where she later fell. Scott, however, does not offer any reasonable excuse for her forgetfulness and inattention.

■ We adhere to the rule stated in *Hill*, *i.e.*, when a plaintiff knows of the existence of a condition but, without any reasonable excuse, forgets about the condition and falls in, off, or over it, he is guilty of contributory negligence as a matter of law.* 189 Va. at 584, 53 S.E.2d at 813. *See Hillsville v. Nester*, 215 Va. at 5, 205 S.E.2d at 399; *Bedford City v. Sitwell*, 110 Va. 296, 299-300, 65 S.E. 471, 472 (1909); *Winchester v. Carroll*, 99 Va. 727, 744, 40 S.E. 37, 40 (1901); *City of Richmond v. Courtney*, 73 Va. (32 Gratt.) 792, 800 (1880). Applying the rule to the facts in the pre-

---

* Scott however, asserts that, although she had actual knowledge of the condition in question, whether she exercised reasonable care for her own safety is, nonetheless, a jury issue. In support of this assertion, Scott relies upon *City of Charlottesville v. Jones*, 123 Va. 682, 97 S.E. 316 (1918), and *Pioneer Const. Co. v. Hambrick*, 193 Va. 685, 70 S.E.2d 302 (1952). Her reliance is misplaced. Neither case involves a plaintiff who had actual knowledge of the existence of a dangerous condition and was injured because of forgetfulness or inattention.

sent case, we hold that the trial court correctly ruled that, as a matter of law, Scott was contributorially negligent.

Accordingly, we will affirm the trial court's judgment.

*Affirmed.*