## CIRCUIT COURT OF THE CITY OF ROANOKE

Raymond A. Overstreet

v.

Roanoke Memorial Hospitals

May 10, 1993

Case No. CL92000672(R)

BY JUDGE CLIFFORD R. WECKSTEIN

This is a "slip and fall" case, in which the defendant has moved for summary judgment based upon the plaintiff's responses to requests for admission. After filing memoranda of law, counsel argued the summary judgment motion orally on May 4, 1993.

Mr. Overstreet alleges that he was injured in a fall in a driveway outside of the defendant hospital's emergency room. In response to requests for admission propounded by the defendant, Mr. Overstreet admits that, on at least ten occasions over the several-day period preceding his fall, he had entered and exited the hospital by the same route, a route which took him over the driveway in question. On these previous occasions, he had noted in the center of the driveway a "blackened or black-like area," which appeared to him to have been made by cars or ambulances moving slowly on the driveway. It appeared to him that this area had been made from oil or gasoline from vehicles moving slowly or stopping on the driveway. Mr. Overstreet previously had worked as a mechanic, had repaired or worked on industrial machinery, and thus, the defendant suggests, was familiar with the slippery qualities of oil and petroleum products.

Mr. Overstreet also has admitted that, immediately preceding the accident, he started to cross the driveway, could see the blackened or black-like area in the center of the driveway, and stepped onto this blackened or black-like area. His foot slipped from under him, resulting in his fall.

In summary, the hospital argues that Mr. Overstreet knew of and saw the condition which caused his fall, failed to act as a reasonable person should have acted, and therefore, as a matter of law, cannot recover.

In this case, at this stage, the plaintiff argues that his evidence will be that, on prior occasions, the blackened area in the driveway was dry; that only on this occasion was it wet and slick. The plaintiff argues that lighting conditions at the time of the accident affect the reasonableness of Mr. Overstreet's decision to step onto this area just before his fall. And, the plaintiff argues that parking lots and driveways are filled with blackened areas, over which reasonably prudent pedestrians walk with impunity. Thus, in sum, he argues that I cannot at this stage find that reasonable minds could not differ about whether Mr. Overstreet was guilty of causative negligence when he stepped upon the blackened area.

"Negligence of the parties may not be compared, and any negligence of a plaintiff which is a proximate cause of the accident will bar recovery. [Citation omitted.] Ordinarily, contributory negligence and proximate cause are factual matters for resolution by a jury. These issues become matters of law for decision by a court only when reasonable minds could not differ about the conclusion to be drawn from the evidence. [Citation omitted.]" *Litchford v. Hancock*, 232 Va. 496, 499, 352 S.E.2d 335 (1987).

"Whether a condition or defect is open and obvious may be, under certain circumstances, a jury issue." *Ravenwood Towers v. Woodyard*, 244 Va. 51, 59, 419 S.E.2d 627 (1992), quoting *Scott v. City of Lynchburg*, 241 Va. 64, 66, 399 S.E.2d 809 (1991).

Summary judgment, of course, may not be entered if any material fact is genuinely in dispute. Rule 3:18. It appears to be the law of Virginia that a plaintiff is under no duty to fully develop his allegations of negligence at the time discovery takes place, *Owens v. Redd*, 215 Va. 13, 14, 205 S.E.2d 669 (1974); that he has no duty to develop his case during discovery, so as to avoid summary judgment. *O'Brien v. Snow*, 215 Va. 403, 405, 210 S.E.2d 165 (1974).

Though Mr. Overstreet's responses to the defendant's requests for admission may demonstrate that the burden he shoulders is a heavy one, I conclude that it is inappropriate to deprive him of the opportunity to attempt to make out a jury issue at trial. When reviewing the testimony at the end of the plaintiff's case, or at the end of all of the evidence, I may better be able to ascertain whether an issue of fact

exists. At this stage, however, Mr. Melesco's arguments satisfy me that, indeed, I cannot conclusively say that reasonable minds could not differ about Mr. Overstreet's causative negligence. Therefore, I deny the hospital's motion for summary judgment.