25 F.3d 1039
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Gilbert HYMAN, Plaintiff-Appellee,
v.
FOOD LION, INCORPORATED, Defendant-Appellant.
 No. 93-2282.
 United States Court of Appeals, Fourth Circuit.
 Argued April 14, 1994.
Decided May 31, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Tommy E. Miller, Magistrate Judge. (CA-93-151-N)
 Andrew Timothy Shilling, McGuire, Woods, Battle & Boothe, Norfolk, VA, for appellant.
 Michael Lee Goodove, Breit, Drescher & Breit, Norfolk, VA, for appellee.
 Robert W. McFarland, McGuire, Woods, Battle & Boothe, Norfolk, VA, for appellant.
 Billie Hobbs, Breit, Drescher & Breit, Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and MICHAEL, Circuit Judges, and GODBOLD, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In this diversity action, Food Lion, Inc., appeals the judgment of the district court, entered upon a jury verdict, finding the grocery chain liable to Gilbert Hyman for injuries he sustained when he slipped and fell at Food Lion store # 195 in Norfolk, Virginia. We affirm.
 
 I.
 
 2
 On October 28, 1992, Stanley Kasmarek, a Food Lion employee, was preparing to fix a broken fan on a refrigerated meat case. To get to the fan, Kasmarek removed two white metal grates, upon which meat products ordinarily rest, and placed them against the case. He also removed the corresponding drip pans, and then left the area for a short time to turn off the circuit breaker.
 
 
 3
 While Kasmarek was gone, one of the grates fell onto the lightly colored floor in front of the case. Hyman, 70, carrying a grocery basket, strolled around the corner of a nearby aisle, intending to peruse a display of frozen chicken near the broken case. Hyman stepped on the grate and fell, fracturing portions of his pelvis and suffering assorted bruises and sprains. Hyman sued; the jury found Food Lion negligent and awarded Hyman $10,000 in damages. Food Lion appeals.
 
 II.
 
 4
 Food Lion argues that it was entitled to judgment as a matter of law at the close of Hyman's evidence because, it claims, Hyman did not establish a prima facie case of negligence. Food Lions asserts that Hyman failed to prove both that the grate caused his fall and that Kasmarek's actions regarding the handling of the grate breached the duty of care that Food Lion owed Hyman.
 
 
 5
 On direct examination, Hyman related his version of the accident:
 
 
 6
 Q.... [D]escribe for the jury, Mr. Hyman, what happened as you approached the area where the chicken breasts were displayed.
 
 
 7
 A.... [A]s I was walking, I stepped on an object on the floor with my left foot, and that started to slip, and as you know, my right foot was in motion, and once something occurs like that, you can't stop it ... I'm looking at that grate there, and that--I don't recall that grate, but it could have been that ... I bounced three or four times as the shelving skidded on the floor. The floor was really slippery with that on top.
 
 
 8
 Trial transcript at 120-21 (emphasis supplied). Though Hyman failed to recite the mantra of "I-stepped-on-Exhibit-One-and-it-caused-me-to-slip-and-fall-and-hurt-myself," that is the clear import of his words; no chanting was necessary. Indeed, the only portion of the above testimony that was in any way equivocal was Hyman's understandable reluctance, under oath, to say for sure that the metal grate that was introduced into evidence at trial was the grate on which he had slipped.[1]
 
 
 9
 Hyman's reluctance does not impede his recovery, however. Food Lion has cited no rule, and we know of none, that requires the admission into evidence of the actual object slipped upon to prove a prima facie case of slip-and-fall negligence. Depending on the circumstances, a photograph, model, drawing, or even bare testimony might be enough to get the question of what caused the accident before the jury. See, e.g., Nuckoles v. F.W. Woolworth Co., 372 F.2d 286, 287 (4th Cir.1967). Had Hyman succeeded, upon providing a proper foundation, in admitting a model of the grate into evidence, Food Lion could not credibly argue that Hyman had not proved his case merely because he had not actually slipped on the model.[2] In short, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to Hyman, Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350, 352 (4th Cir.1941), we conclude that a reasonable jury could certainly find that Hyman had stepped on the grate that Kasmarek had removed from the refrigerated case, and that Hyman's stepping on the grate had caused him to fall.[3]
 
 III.
 
 10
 Food Lion maintains that, even if the actions of its agent constituted negligence, Hyman's recovery is barred because he was contributorily negligent as a matter of law. See Gottlieb v. Andrus, 104 S.E.2d 743, 746 (Va.1958). The issue of Hyman's negligence turns on whether the grate was an "open and obvious" danger, and thus should have been avoided by persons exercising reasonable care for their own safety. Id. In Gottlieb, the plaintiff, while shopping in a supermarket, backed up to inspect something on a higher shelf. She fell backward over several cardboard packing cartons, about eighteen inches in all dimensions and stacked one or two high, containing cereal to be stocked; the court found that the risk posed by the cartons was open and obvious. See also Tazewell Supply Co. v. Turner, 189 S.E.2d 347 (Va.1972) (same result as Gottlieb where plaintiff tripped over a single cardboard box, at least twelve to fourteen inches in all dimensions and of contrasting color to the floor).
 
 
 11
 Food Lion cites Rocky Mount Shopping Center Associates v. Steagall, 369 S.E.2d 193 (Va.1988), for the proposition that a plaintiff's failure to look where he or she is walking establishes contributory negligence as a matter of law. In Steagall, the plaintiff was deemed contributorily negligent when, while carrying a bag of groceries and not looking where she was going, she stepped off a sidewalk and into a parking lot depression. The depression contained a recessed water meter and was about eight to twelve inches across and two to three inches deep.
 
 
 12
 There is evidence in Hyman's case that he was not paying full attention to the floor on which he was walking. Indeed, Hyman himself testified that his attention had been diverted by the frozen chicken display and that he did not become aware of the grate until he had stepped on it. However, even a cursory reading of Steagall reveals that its result turned, not on whether the plaintiff was watching where she was going, but on whether, just like Gottlieb and Turner, the obstacle complained of was an open and obvious danger. In fact, the Steagall court left open the possibility that the presence of a distraction could make an obstacle less open and obvious than it might ordinarily be. Id. at 194 ("Steagall had nothing to divert her attention, yet she admitted [that] she did not look at all.").
 
 
 13
 The focus of the cases is clearly on the nature of the object causing the fall. In Crocker v. WTAR Radio Corp., 74 S.E.2d 51 (Va.1953), a slight difference in the levels of two identically matched and highly polished oak floors did not necessarily create an open and obvious danger; such was a jury issue. Id. at 53. Likewise, in Shiflett v. Timberlake, Inc., 137 S.E.2d 908, 912 (Va.1964), the contributory negligence issue was held to have been properly submitted to the jury where the plaintiff testified that she had failed to notice a wet spot on a drugstore floor and that her attention had been diverted by a bright display on a nearby counter.
 
 
 14
 We think that Hyman's case is very much like Crocker and Shiflett, and almost indistinguishable from Nuckoles v. F.W. Woolworth Co., cited in Section II, supra.[4] Upon viewing photographs of the grate at issue, we note that its white color is not in significant contrast to that of the aisle, also light in color. Even had his attention not been diverted by the frozen chicken display, we believe that it is possible that Hyman may not have noticed the grate on the floor in time to prevent his fall. In any event, we are unable to conclude that the grate constituted an open and obvious danger as a matter of Virginia law. The question was one for the jury, and it found for Hyman; we will not disturb its verdict.
 
 AFFIRMED
 
 
 [1]
 Any ambiguity concerning the meaning of Hyman's statement that he "[didn't] recall that grate" was dispelled on cross examination. Defense counsel, apparently picking up on Hyman's reluctance to positively identify the trial exhibit, asked Hyman "Is it possible, sir, that this (the exhibit) is not the grate that you slipped on?" Hyman responded that he did not know
 
 
 [2]
 The jury need not have relied solely on Hyman's testimony. The store manager testified during Hyman's case-in-chief that, upon being summoned to the accident scene, he saw a similar grate on the floor near Hyman's body. The manager also testified, without objection, that Hyman had told him that the grate had caused the fall
 Though another Food Lion employee, Rebecca Pipkin, actually witnessed the fall, Hyman never called her to testify. Pipkin was called by the defense and testified that she saw Hyman approaching the grate, but could not call out in time to prevent his fall.
 
 
 [3]
 The argument that Hyman failed to prove that Food Lion breached its duty of care to him is likewise unavailing. In Virginia, a store owner owes its business invitees the duty of ordinary, reasonable care. Colonial Stores v. Pulley, 125 S.E.2d 188, 190 (Va.1962). Whether a defendant has exercised reasonable care is generally a jury question. Brann v. F.W. Woolworth Co., 24 S.E.2d 424, 426 (Va.1943). On the evidence in the record, a reasonable jury would not be remiss in finding that Kasmarek should reasonably have foreseen that the grate might become dislodged and obstruct the aisle, thus becoming a customer hazard and a potential cause of serious injury
 
 
 [4]
 In Nuckoles, another diversity case applying Virginia's law of contributory negligence in the slip-and-fall context, we held that, where the object tripped over (a cardboard box) was the same color as the floor and may have been initially concealed by a store employee, the issue of "[w]hether [the plaintiff] exercised that degree of care in looking for hazards in her path that a reasonably prudent [person] seventy years old with the vision of a person [that] age should have exercised was a proper question for jury determination...." 372 F.2d at 289