**Mary B. ARTHUR, Plaintiff,**

v.

**CROWN CENTRAL PETROLEUM
CORP., Defendant.**

No. 2:93cv1031.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 4, 1994.

Richard G. Brydges, Brydges, Brydges & Mahan, Virginia Beach, VA, for plaintiff.

Fred Bradford Stillman, McGuire, Woods, Battle & Boothe, Norfolk, VA, for defendant.

### ORDER

MORGAN, District Judge.

### STATEMENT OF FACTS

On May 28, 1992, Mary B. Arthur ("Arthur"), accompanied by her daughter, filled her car with gasoline from Crown Central Petroleum Corporation ("Crown"). Arthur entered the cashier's booth to pay for the gas and, while returning to her car, she fell. The fall caused her serious and permanent injury.

Arthur contends that Crown's negligence in the maintenance, design, construction, operation, and marketing of its premises caused her fall. She claims that Crown allowed the premises to exist in a dangerous condition which should have been apparent to Crown with the exercise of reasonable care. Arthur alleges that an ordinary customer would be unable to ascertain that the condition existed. When customers exit the booth, they must step down from a platform on an island where the cashier is located. Walking toward the island to enter the cashier's booth, the step is clearly marked by different color paint on the riser portion of the island. Exiting the island, customers must step down five to six inches. The paint on the riser portion of the island is not visible to customers exiting from the island after paying the cashier. No special marking or paint appears on the travelled surface of the island, nor are signs posted to warn customers of the step down.

Both Arthur and her daughter testified in their depositions that they do not recall any spills, debris, cracks, or other surface irregularities which may have caused the fall. Both women testified that Arthur fell because she did not see the step down as the color of the travelled surface of the island was essentially the same as the color of the surrounding pavement.

Arthur incurred medical expenses of approximately $25,000 as a result of her fall. At the time of the fall she was 79 years of age. She was not regularly employed and makes no claim for lost earnings. She suffered a permanent injury to her shoulder which required surgery, and broke her nose which she reset herself. Since the fall her husband suffered a stroke and her injuries prevent her from furnishing much needed care to him. She submitted bills for doctors, hospitals, medication, physical therapy, diagnostic treatment and care caused by her injuries from the fall, and she continues to incur expenses. In addition to her physical injuries, Arthur alleges that she suffered, and continues to suffer, pain and mental anguish due to the accident.

Crown denies that it was negligent and claims that Arthur was negligent and that her negligence proximately caused or contributed to cause her fall.

### PROCEDURAL HISTORY

Arthur initiated this action in state court on September 23, 1993. The defendant removed the action to this court on October 18, 1993. On March 22, 1994, Crown filed a Motion for Summary Judgment, and on March 25, 1994, Arthur filed a Motion to Dismiss or to Continue the case. On April 12, 1994, the Court ordered that the case be continued for sixty days. The Court denied Crown's Motion for Summary Judgment on June 8, 1994.

The parties stipulated that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The parties also stipulated that the step was free from debris, grease, or other foreign objects.

### ISSUES

(1) Was the defendant negligent in the operation of its premises on May 28, 1992, and if so, was such negligence a proximate cause of the plaintiff's fall?

(2) Was the plaintiff guilty of negligence, and, if so, did her negligence cause or contribute to cause the fall?

### ANALYSIS

#### 1. Whether Crown Was Negligent in the Operation of its Gas Station

Arthur claims that Crown was negligent in the operation of its business and that its

negligence caused her fall. She contends that Crown failed in its duty as a business owner to maintain its premises in a reasonably safe condition for business invitees.

■ An owner of a business has a duty to exercise ordinary care to insure that the premises are reasonably safe for all invitees. *Knight v. Moore*, 179 Va. 139, 145, 18 S.E.2d 266 (1942) (citations omitted). The owner also has a duty to give notice to invitees of unsafe conditions which are known to the owner but unknown to the invitee. *Id.* at 146, 18 S.E.2d 266. The owner is not required to give notice when "the dangerous condition is open and obvious, and is patent to a reasonable person exercising ordinary care for his own safety." *Id.* (citing *Eastern Shore of Va. Agric. Ass'n v. LeCato*, 151 Va. 614, 619–620, 144 S.E. 713 (1928)). When an invitee enters the premises, he or she has the right to assume the area is reasonably safe. *Id.* The invitee has no duty to protect himself or herself against a dangerous condition unless he or she has knowledge or warning of the condition. *Id.* See also *Crocker v. WTAR Radio Corp.*, 194 Va. 572, 574, 74 S.E.2d 51 (1953).

■ In Virginia, negligence cannot be presumed solely because the accident occurred. *Murphy v. J. L. Saunders, Inc.*, 202 Va. 913, 917, 121 S.E.2d 375 (1961). The plaintiff has the duty to prove the defendant's negligence. The Virginia Supreme Court found that

> [t]he party who affirms negligence must establish it by proof sufficient to satisfy reasonable and well balanced minds. The evidence must show more than a probability of a negligent act. An inference cannot be drawn from a presumption, but must be founded upon some fact legally established. This court has repeatedly held that when liability depends upon carelessness or fault of a person, or his agents, the right of recovery depends upon the same being shown by competent evidence, and it is

incumbent upon such a plaintiff to furnish evidence to show how and why the accident occurred.

*Brooks v. Hufham*, 200 Va. 488, 494, 106 S.E.2d 631 (1959) (quoting *Chesapeake & Oh. Ry. v. Heath*, 103 Va. 64, 66, 48 S.E. 508 (1904)). *Accord Bare v. Jones*, 206 Va. 848, 851, 147 S.E.2d 145 (1966); *Spurlin v. Richardson*, 203 Va. 984, 987, 128 S.E.2d 273 (1962). The plaintiff must demonstrate that the defendant's negligence proximately caused the accident. *Spurlin*, 203 Va. at 987, 128 S.E.2d 273. The decision of whether the defendant caused the accident must be based on fact and may not be based on mere conjecture. *Id.*

In *Winn–Dixie Stores, Inc. v. Parker*, 240 Va. 180, 184, 396 S.E.2d 649 (1990), the court held that the defendant is liable if the plaintiff establishes that the defendant caused or created the condition. If the plaintiff fails to prove that the defendant caused or created the condition, then, in order to prove that the defendant is liable, the plaintiff must show that the defendant had actual or constructive knowledge that the defect existed.[1] *Id.* See also *Ashby v. Faison & Assocs., Inc.*, 247 Va. 166, 170, 440 S.E.2d 603 (1994).

■ In order to prove Crown negligent in this case, Arthur must demonstrate that a dangerous condition existed at the gas station. She must further prove that Crown caused or created the dangerous condition and failed to provide proper warning of the dangerous condition. Further, if the condition was so open and obvious that the ordinary person in the exercise of reasonable care should have observed it, then no such warning is required.

Finally, in *Crocker v. WTAR Radio Corp.*, 194 Va. 572, 573, 74 S.E.2d 51 (1953), the plaintiff tripped on a stage which had a two inch difference between platforms. The plaintiff had never been on the stage before and the "drop" was not visible because the floor was highly polished and looked like a

1. The court defined constructive notice as follows:
> [i]f an ordinarily prudent person, given the facts and circumstances Memco knew or should have known, could have foreseen the risk of danger resulting from such circumstances, Memco had a duty to exercise reasonable care to avoid the genesis of danger.

*Winn–Dixie Stores*, 240 Va. at 183, 396 S.E.2d 649 (quoting *Memco Stores, Inc. v. Yeatman*, 232 Va. 50, 55, 348 S.E.2d 228 (1986)).

straight floor. *Id.* Also, the defendant did not provide warnings or markings on the drop. *Id.* The court found that no open and obvious difference between the two platforms existed. *Id.* at 575, 74 S.E.2d 51.

█ In accord with the court's reasoning in *Crocker*, this Court FINDS that the plaintiff has proven a prima facie case that Crown was negligent, and, as the trier of fact, it further FINDS that Crown was guilty of negligence which was a proximate cause of the plaintiff's fall. Crown's expert witness admitted that if a person standing on such an island could not see the step down, then the owner should warn the patron of a change in elevation. Only employees of Crown, who negotiated the step down daily, testified that they had no difficulty observing it.[2] Arthur testified that she did not see the step down when returning to her car. The photographs also demonstrate that a reasonable person approaching the step would have difficulty distinguishing the change in elevation when exiting the island. The Court FINDS that the preponderance of the evidence establishes that Crown's failure to mark the step down or warn of it was negligent and such negligence was a proximate cause of her fall.

### 2. Whether Arthur Was Contributorily Negligent

█ Crown alleges that Arthur was contributorily negligent and, thus, is banned from any recovery. Crown claims that Arthur knew of the condition because she stepped up onto the island to pay the cashier. Crown alleges that her knowledge of the change in elevation coupled with her failure to exercise reasonable care to prepare for the step down renders her contributorily negligent.

█ When a person with knowledge of a dangerous condition is injured by that condition, even if the individual forgets the condition exists, then the conduct is contributorily negligent per se and bars recovery. *Hill v. City of Richmond*, 189 Va. 576, 53 S.E.2d 810, 813 (1949). *See also Scott v. City of*

*Lynchburg*, 241 Va. 64, 67, 399 S.E.2d 809 (1991) (holding that "when a plaintiff knows of the existence of a condition but, without any reasonable excuse, forgets about the condition and falls in, off, or over it, he is guilty of contributory negligence as a matter of law").

Several Virginia Supreme Court cases further explain when a person is acting with ordinary care. The first is *Rocky Mount Shopping Ctr. Ass'n v. Steagall*, 235 Va. 636, 369 S.E.2d 193 (1988). There the court found the plaintiff contributorily negligent because she failed to look down when stepping off the sidewalk. *Id.* at 637, 369 S.E.2d 193. The plaintiff admitted that she could have seen the depression in the sidewalk had she been looking for it. *Id.* In *West v. City of Portsmouth*, 217 Va. 734, 739, 232 S.E.2d 763 (1977), the court found the plaintiff negligent because he did not notice a two inch depression in the sidewalk surrounding a water meter, although he was familiar with the area. In *Town of Hillsville v. Nester*, 215 Va. 4, 5, 205 S.E.2d 398 (1974), when the plaintiff tripped on a sunken piece of sidewalk and injured herself, the court held that she was contributorily negligent. The court found that she was familiar with the condition because she passed it every day on her way to work. *Id.*

In *Hill v. City of Richmond*, 189 Va. 576, 53 S.E.2d 810, 812 (1949), the plaintiff fell off a snow covered curb. The plaintiff admitted that he had seen the curb several times before he fell. *Id.* The court found that, even though the curb was invisible due to the snow, the plaintiff was contributorily negligent because he knew of the condition and forgot to be careful when stepping off the curb. *Id.* 53 S.E.2d at 813. The court held that the plaintiff "cannot recover if he knew of the defect and fell because of forgetfulness or inattention, in the absence of any reasonable excuse for being heedless." *Id.*

In *Scott v. City of Lynchburg*, 241 Va. 64, 65, 399 S.E.2d 809 (1991), the plaintiff fell off a five and one-half inch step in a market.

---

**2.** While Crown's expert also said he had no trouble seeing the drop, the expert's visit to the scene occurred two years after the accident. Crown conceded that it had no evidence that the site would look the same after two years and therefore there was no evidence which demonstrated that the expert's view coincided with the view which Arthur saw when she fell.

She had visited the market several times but had only used the step once before she fell. *Id.* The court found that, although the defect may not have been obvious, the plaintiff was familiar with the condition. *Id.* at 66–67, 399 S.E.2d 809. The court held that the plaintiff was contributorily negligent because of her familiarity with the condition. *Id.* The court dismissed her excuse of forgetfulness and inattention, holding that her familiarity negated the excuse. *Id.*

Under the applicable Virginia law, the Court FINDS that Arthur was contributorily negligent as a matter of law although the difference in the elevation was not open and obvious. Arthur admitted that she remembered the step down, but she proceeded even though she could not see it. In *Scott* and *Hill,* the court found that the plaintiffs should have remembered the condition and were, therefore, negligent. In the present case the evidence of her negligence is even more persuasive as Arthur testified that she remembered the step down, but walked forward although she could not see it. Thus, the Court is not required to infer knowledge like the court did in *Scott* and *Hill* because she admitted knowledge of the dangerous condition.

The Court has a great deal of sympathy for the plaintiff, and FINDS that she was completely candid in her testimony. However, while the Court has sympathy for Arthur, such sympathy is not a factor upon which the Court may rely in reaching its decision. For the reason stated the Court GRANTS JUDGMENT for the defendant.

### CONCLUSION

The Court FINDS that the defendant was negligent because it did not properly mark or warn of the change in elevation. For purposes of this decision, Crown's negligence is moot since the Court FINDS that the plaintiff is barred from recovery because she was contributorily negligent as a matter of law.

It is so ORDERED.