# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MELENA BISHOP,

*Plaintiff-Appellant,*

v.

LOWE'S HOME CENTERS, INCORPORATED,

*Defendant-Appellee.*

No. 01-2324

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
Glen M. Williams, Senior District Judge.
(CA-00-29-2)

Submitted: March 21, 2002

Decided: April 8, 2002

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

H. Patrick Cline, CLINE, ADKINS & CLINE, Norton, Virginia, for Appellant. Charles H. Smith, III, Monica L. Taylor, GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Melena Bishop appeals the district court's grant of summary judgment to Appellee Lowe's Home Centers, Inc. ("Lowe's"). Bishop sued Lowe's for negligence in a Virginia circuit court. Lowe's removed the action to federal court, based on diversity of citizenship. The court ruled that Bishop was contributorily negligent for failing to avoid an open and obvious danger when she tripped over a cart placed between two riding mowers in a Lowe's store.

Summary judgment is only appropriate when there is no genuine issue of material fact, given the parties' burden of proof at trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* at 255; *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996). Moreover, this Court reviews a grant of summary judgment de novo. *Myers v. Finkle*, 950 F.2d 165, 167 (4th Cir. 1991).

Under Virginia law, a store owner has the duty to exercise ordinary care in providing a reasonably safe premises for its invitees. *See Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182, 396 S.E.2d 649, 651 (1990). However, a store owner has no duty to warn its invitees of an unsafe condition that is open and obvious to a person exercising ordinary care. *Fobbs v. Webb Building, Inc.*, 232 Va. 227, 229, 349 S.E.2d 355, 357 (1986). Moreover, a person "who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a matter of law." *Scott v. Lynchburg*, 241 Va. 64, 66, 399 S.E.2d 809, 810 (1991).

We have carefully reviewed the district court's opinion and the materials submitted by the parties. We conclude that the district court's grant of summary judgment was proper. The evidence establishes that the cart was clearly visible to an attentive customer and that Bishop failed to adequately examine the floor area where the cart was located prior to tripping over the cart. Moreover, there is insuffi-

cient evidence in this case for a jury to conclude that distractions or other environmental factors would have prevented a reasonable person from surveying the floor area and spotting the cart. Thus, we find that the cart was an open and obvious obstacle that a customer exercising ordinary care would have avoided.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*