601 P.2d 281

**Helen F. HICKS, Appellant,**

v.

**SUPERSTITION MOUNTAIN POST NO. 9399, VETERANS OF FOREIGN WARS OF the UNITED STATES, an Arizona Corporation, Appellee.**

**No. 14372–PR.**

Supreme Court of Arizona,
In Banc.

Sept. 21, 1979.

Rehearing Denied Oct. 16, 1979.

Gibson & Valentic by Franklin K. Gibson, Phoenix, for appellant.

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons by John H. Lyons, Mesa, for appellee.

STRUCKMEYER, Vice Chief Justice.

This is an appeal by Helen F. Hicks from an adverse jury verdict in a personal injury action and from an order denying her motion for a new trial. The Court of Appeals reversed, *Hicks v. Superstition Mountain Post No. 9399, etc.*, 123 Ariz. 531, 601 P.2d 294 (App.1979). We accepted review. See Rule 23, Arizona Rules of Civil Appellate Procedure. Opinion of the Court of Appeals vacated. Judgment of the Superior Court affirmed.

The essential facts of this case are not in dispute. The appellee, Superstition Mountain Post No. 9399, Veterans of Foreign Wars, is an Arizona corporation. The Post's women's auxiliary, in order to raise funds for cancer research, decided to put on a luau. It requested permission from Post No. 9399 to use the Post facilities for the event. The auxiliary's request was approved by a vote of the membership of the Post.

Appellant was an active member of the women's auxiliary, often assisting in the kitchen. She was present with three others on the evening of October 1, 1976 when preparation of a pig for the luau began. As part of the preparation, the pig was wrapped in wet burlap bags. The bags were soaked in a nearby sink, then carried to the table where the pig was being prepared. In the process, water fell to the floor and was tracked to various areas of the kitchen. Appellant testified that she knew the floor was wet and slippery, but that she slipped and fell to the floor while turning in the kitchen. This suit was brought on the theory that, notwithstanding it was well known that the floor of the kitchen was slippery when wet, appellee Post failed to take any corrective action to protect persons who might be using the kitchen.

Basically appellant complains of the failure of the court below to give her instructions on her theory of the case and, instead, giving this instruction requested by appellees:

"You are instructed that the owner of a premise is not required to give an invi-

tee notice or warning of an obvious danger existing on the premises. If you find that the condition on the premises was either obvious or reasonably apparent to an ordinarily prudent person in Plaintiff's position, then you should find for the Defendant."

Appellant urges that this case is governed by the language found in the Restatement (Second) of Torts, §§ 343 and 343A. These sections provide:

"§ 343. Dangerous Conditions Known to or Discoverable by Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

§ 343A. Known or Obvious Dangers

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated."

It is appellant's position that under § 343(b), the jury could have found that the Post should have expected that she would fail to protect herself and that reasonable steps should have been taken to protect her from falling.

■ However, §§ 343 and 343A apply only when the injured party is an "invitee." The fact here is that appellant was not an invitee.

Section 332 of the Restatement (Second) defines an invitee as:

"(1) An invitee is either a public invitee or a business visitor.

(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land."

Comments (a) and (b) to § 332 explain the meaning of "invitee."

"a. Invitee. 'Invitee' is a word of art, with a special meaning in the law. This meaning is more limited than that of 'invitation' in the popular sense, and not all of those who are invited to enter upon land are invitees. A social guest may be cordially invited, and strongly urged to come, but he is not an invitee. (See § 330, Comment h.) Invitees are limited to those persons who enter or remain on land upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make them safe for their reception. Such persons fall generally into two classes: (1) those who enter as members of the public for a purpose for which the land is held open to the public; and (2) those who enter for a purpose connected with the business of the possessor. The second class are sometimes called business visitors; and a business visitor is merely one kind of invitee. There are many visitors, such as customers in shops, who may be placed in either class.

b. Invitation and permission. Although invitation does not in itself establish the status of an invitee, it is essential to it. An invitation differs from mere permission in this: an invitation is conduct which justifies others in believing that the possessor desires them to enter the land; permission is conduct justifying

others in believing that the possessor is willing that they shall enter if they desire to do so. * * * "

Appellant does not qualify as a public invitee under section (2) of § 332, supra, since there is no evidence which implies that the kitchen area of the Post was held open to the public. Nor does appellant qualify as a business visitor under section (3). The appellant testified that she volunteered her services. The auxiliary received permission to use the Post facilities for an event in which the Post had no pecuniary interest. *Downey v. Lackey,* 11 Ariz.App. 528, 530, 466 P.2d 401, 403 (1970). Appellant was not an invitee within the meaning of the Restatement. Sections 343 and 343A do not apply to this case.

■ It is apparent that appellant was a simple licensee. Section 330 of the Restatement defines "licensee" as:

" * * * a person who is privileged to enter or remain on land only by virtue of the possessor's consent."

The liability of possessors of land to licensees is stated in § 341:

"A possessor of land is subject to liability to his licensees for physical harm caused to them by his failure to carry on his activities with reasonable care for their safety if, but only if, (a) he should expect that they will not discover or realize the danger, and (b) they do not know or have reason to know of the possessor's activities and of the risk involved."

Appellant could enter upon the premises only with permission of the members of the Post. The duty of the Post to appellant as a licensee was to refrain from knowingly exposing her to a hidden peril or wantonly or willfully causing her harm. *Shannon v. Butler Homes, Inc.,* 102 Ariz. 312, 316, 428 P.2d 990, 994 (1967).

■ We note that the court's instruction used the word "invitee." The court was not requested to and did not define to the jury the terms "invitee" and "licensee." We think in the context of the court's instruction, the jury would have understood the meaning of "invitee" as its popular sense and would not have been confused. Since appellee is not liable in damages to licensees for open and obvious dangers known to them, the instruction correctly charged the jury as to the liability of appellee.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.