746 P.2d 31

**Bao Thi NGUYEN, widow, Plaintiff/Appellant,**

v.

**Phuc Thi NGUYEN, unmarried, and Bick Ngoc Nguyen, unmarried, Defendants/Appellees.**

No. 2 CA–CV 87–0189.

Court of Appeals of Arizona, Division 2, Department B.

Nov. 10, 1987.

William C. Mach, Tucson, for plaintiff/appellant.

Kimble, Gothreau, Nelson & Cannon by Stephen Kimble, Tucson, for defendant/appellee Bick Ngoc Nguyen.

Murphy, Clausen & Goering by Michael F. McNamara, Tucson, for defendant/appellee Phuc Thi Nguyen.

## OPINION

LIVERMORE, Presiding Judge.

Plaintiff Bao Thi Nguyen was a friend of defendant sisters Phuc Thi Nguyen (Kelly) and Bick Ngoc Nguyen (Jennifer). Jennifer was living in her sister's home during spring vacation from college. Kelly suggested that Jennifer clean the kitchen floor. On the day of her injury, plaintiff had come to Kelly's house to prepare a meal for Kelly and her fiance. Jennifer was there; Kelly was at work. While plaintiff was in the dining room, Jennifer waxed the kitchen floor. Plaintiff slipped on the floor and injured herself. In this appeal from a defense summary judgment, questions arise as to the duty owed by Jennifer to plaintiff and whether a breach of that duty can be imputed to Kelly.

■ Plaintiff was a licensee in Kelly's home and was owed a duty of reasonable care by the licensor "to refrain from knowingly exposing her to a hidden peril." *Hicks v. Superstition Mountain Post No.*

---

*9399*, 123 Ariz. 518, 601 P.2d 281 (1979); *Bisnett v. Mowder,* 114 Ariz. 213, 560 P.2d 68 (App.1977). That duty was also owed by Jennifer because she was acting on behalf of Kelly. Restatement (Second) of Torts § 383 (1965). Taking the facts and the inferences to be drawn from them in the light most favorable to plaintiff, as we must in reviewing an adverse summary judgment, we believe that a jury could find that Jennifer created a risk of falling by waxing the floor and then failed to notify plaintiff of that risk in circumstances where Jennifer should have known that plaintiff would not discover the peril. As to Jennifer, summary judgment was granted in error.[1]

■ We believe that Jennifer's negligence, if found, may be imputed to Kelly. Restatement (Second) of Agency § 225 (1958) states that one gratuitously performing services for another may be a servant of one accepting the services. Jennifer, having performed the service requested by Kelly, was Kelly's servant during the performance of that service and Kelly may, therefore, be liable for Jennifer's negligent misperformance of that service. See *Heims v. Hanke,* 5 Wis.2d 465, 93 N.W.2d 455 (1958). See generally *Bond v. Cartwright Little League, Inc.,* 112 Ariz. 9, 536 P.2d 697 (1975); *Scottsdale Jaycees v. Superior Court,* 17 Ariz.App. 571, 499 P.2d 185 (1972).

Reversed.

ROLL and FERNANDEZ, JJ., concur.

---

1. We do not find persuasive the argument that because plaintiff was voluntarily preparing a dinner for Kelly's fiance, she lost her status as a licensee and became a "volunteer" to whom was owed only the duty to avoid gross negligence.