764 P.2d 771

**John JOBE, Jr., a single man, Plaintiff/Appellant,**

v.

**Beth Rene SMITH, a single woman, Defendant/Appellee.**

**No. 2 CA–CV 88–0212.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 3, 1988.

Smith & Feola by Virginia L. Richter, Phoenix, for plaintiff/appellant.

Stinson & Diekemper by Mark S. Diekemper, Phoenix, for defendant/appellee.

OPINION

LIVERMORE, Presiding Judge.

Plaintiff John Jobe was seriously injured while at the home of defendant Beth Smith by the assault of her estranged "gentleman friend" Rodney McMeans. Jobe was there at Smith's request to repair her refrigerator. Contending that Smith knew of McMeans' propensity for violence and of the risk that he would attack Jobe, Jobe brought suit against Smith for negligently failing to warn him of that risk. Summary judgment was awarded on the ground that Smith owed no duty to Jobe in these circumstances. We reverse.

The argument of the defendant is a complex one. Defendant admits that Jobe was a business visitor entitled to warnings about hidden perils on the premises. But, defendant asserts, that duty exists only if the peril is a condition of the property. See Restatement (Second) of Torts § 343 (1965); *Nguyen v. Nguyen,* 155 Ariz. 290, 746 P.2d 31 (App.1987). When the peril is the criminal act of a third person, the argument continues, the duty of a landowner is defined by § 314(A) of the Restatement. Because that section does not include the business visitor on residential premises among the special relationships imposing a duty to exercise care to protect against harm from others, the argument concludes, no duty existed on the facts of this case.

We believe that the distinction drawn by defendant is a wholly artificial one. We can see no reason to say that there is a duty to warn about a freshly waxed and slippery kitchen floor, see *Nguyen, supra,* but not about a homicidal maniac in the back bedroom. See generally *Anaya v. Turk,* 151 Cal.App.3d 1092, 199 Cal.Rptr.

187 (1984); *Burks v. Madyun,* 105 Ill.App. 3d 917, 61 Ill.Dec. 696, 435 N.E.2d 185 (1982).

REVERSED.

HATHAWAY and HOWARD, JJ., concur.