39 F.3d 1175
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard L. ANDERSON, Plaintiff-Appellant,
v.
Deborah L. WISE, d/b/a D. L. Wise Building Maintenance
Contractor, Defendant-Appellee,
and
THE HERTZ CORPORATION, d/b/a Hertz Rent-A-Car, Defendant.
 No. 93-2223.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 29, 1994.
Decided Oct. 31, 1994.
 
 Calvin Steinmetz, Steinmetz, Weinberg & Moats, Washington, DC, for appellant.
 Julia Bougie Judkins, Lewis, Trichilo, Bancroft, McGavin & Horvath, P.C., Fairfax, VA, for Appellee.
 Michael W. Perrin, Houston, TX, for appellant.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In this diversity action, the district court granted judgment as a matter of law in favor of Appellee Deborah L. Wise. We reverse and remand.
 
 
 2
 * On the afternoon of October 6, 1993, Appellant Richard Anderson entered the Hertz rent-a-car office at National Airport. According to his testimony at trial, he walked into the building and looked toward the counter to see whether an attendant was available. When he turned to approach the counter, he slipped and fell on the wet floor, which had recently been mopped. As a result of the fall, he sustained serious injuries to his right ankle.
 
 
 3
 Anderson testified that he did not notice the floor was wet until after he had fallen. According to his testimony, he saw neither a mop bucket nor any warning signs or barricades. Thomas Kirk, an eyewitness, also testified that he did not see any warning signs and did not notice any wetness on the floor until after Anderson fell.
 
 
 4
 At the time of Anderson's accident, D.L. Wise Building Maintenance Contractor, a business owned by Wise, had a contract to provide cleaning services at the Hertz office. Charles Clark, a Wise employee, mopped the floor shortly before Anderson's fall. After the accident, Clark told Officer Michael Thompson of the airport police that he had posted a "Wet Floor" sign. Officer Thompson's police report does not indicate, however, that he personally observed any such sign.
 
 
 5
 Anderson sued Wise on a theory of negligence.* At the close of Anderson's case-in-chief, the district court granted Wise's motion for judgment as a matter of law. The court concluded that Wise had no duty to warn Anderson that the floor was wet, and that even if she did, any reasonable jury would have concluded that Anderson was contributorily negligent. This appeal followed.
 
 
 6
 We review the district court's grant of judgment as a matter of law de novo. United States v. Vanhorn, 20 F.3d 104, 109 (4th Cir.1994). In doing so, we ask "whether, without weighing the evidence or considering the credibility of the witnesses, there can be but one conclusion as to the verdict that reasonable jurors could have reached." Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir.1985) (internal quotations marks omitted).
 
 II
 
 7
 The district court first concluded, as a matter of Virginia law, that Wise had no duty to warn Anderson that the floor was wet. Where, as here, there is no state law directly on point, we must predict what rule would be adopted by the Virginia Supreme Court if it had occasion to decide the issue. Doe v. Doe, 973 F.2d 237, 239 (4th Cir.1992).
 
 
 8
 Under Virginia law, a store owner owes its customers a duty to exercise ordinary care toward them when they enter the premises. See, e.g., Winn-Dixie Stores, Inc. v. Parker, 240 Va. 180, 182, 396 S.E.2d 649, 650 (1990). The owner must maintain its premises in a reasonably safe condition, and must warn a customer of any unsafe condition that is unknown to the customer but that is, or should be, known to the owner. Id.; see also Colonial Stores Inc. v. Pulley, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962). The owner's duty is non-delegable. Love v. Schmidt, 239 Va. 357, 361, 389 S.E.2d 707, 710 (1990).
 
 
 9
 We are aware of no Virginia precedent imposing a duty to warn on a cleaning service engaged by the owner of a store. Such a duty has been imposed, however, by courts in other states. For example, in Milacci v. Mato Realty Co., 217 N.J.Super. 297, 525 A.2d 1120 (1987), the plaintiff slipped on sand and dirt on the front steps of a state office building. She sued, inter alia, the janitorial company that was supposed to maintain the building. The appellate court reversed a summary judgment in favor of the janitorial company. Id. at 302-03, 525 A.2d at 1122-23. Likewise, in Nguyen v. Nguyen, 155 Ariz. 290, 746 P.2d 31 (Ariz.Ct.App.1987), a homeowner asked her sister to clean the kitchen floor. The sister applied wax and a visitor fell and hurt herself. The court held that the sister owed a duty of care to the visitor. Id. at 291, 746 P.2d at 32. See also Bryant v. Sherm's Thunderbird Mkt., 268 Or. 591, 522 P.2d 1383 (1974) (in banc) (contractor installing refrigerator in grocery store owed duty of care to customer); Edwards v. E.B. Murray & Co., 305 S.W.2d 702 (Mo. Ct.App.1957) (firm that managed office building owed duty of care to invitee who slipped on floor wax).
 
 
 10
 The basis for this duty can be found in Sec. 383 of the Restatement (Second) of Torts (1965). That section provides as follows:
 
 
 11
 One who does an act or carries on an activity upon land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon and outside of the land as though he were the possessor of the land.
 
 
 12
 Liability may be imposed under Sec. 383 without regard to the defendant's status as an independent contractor or servant. Id. cmt. a.
 
 
 13
 A cleaning service is plainly in the best position to warn others of hazards created by its activities. In view of the trend in case law from other jurisdictions, along with the clear provisions of the Restatement, we think the Virginia Supreme Court would hold that Wise had a duty to warn Anderson of any unsafe condition arising from her activities that was unknown to him but that was, or should have been, known to her.
 
 III
 
 14
 As an alternative basis for its holding, the district court concluded that any reasonable jury would have found Anderson contributorily negligent. We disagree.
 
 
 15
 Under Virginia law, a plaintiff is contributorily negligent if he or she "failed to act as a reasonable person would have acted for his own safety under the circumstances." Artrip v. E.E. Berry Equip. Co., 240 Va. 354, 358, 397 S.E.2d 821, 824 (1990). Contributory negligence is usually a jury question. Id. at 358, 397 S.E.2d at 823. As a general rule, a person "who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a matter of law." Scott v. Lynchburg, 241 Va. 64, 66, 399 S.E.2d 809, 810 (1991); cf. Artrip, 240 Va. at 358, 397 S.E.2d at 824 (no contributory negligence even though snowbank upon which plaintiff slipped was open and obvious). However, whether a particular condition is "open and obvious" is often a question for the jury. Scott, 241 Va. at 66, 399 S.E.2d at 810; Crocker v. WTAR Radio Corp., 194 Va. 572, 575, 74 S.E.2d 51, 53 (1953).
 
 
 16
 Here, both Anderson and Kirk testified that they did not notice any water on the floor until after Anderson slipped. They also stated that they did not see any warning sign or barricade. Under these circumstances, the jury should have decided whether the hazard was open and obvious and whether Anderson was contributorily negligent.
 
 
 17
 In a similar case, the Virginia Supreme Court upheld a jury's finding that the plaintiff was not contributorily negligent. See Shiflett v. M. Timberlake, Inc., 205 Va. 406, 411, 137 S.E.2d 908, 912 (1964) (plaintiff slipped on water in a drugstore; she testified that she did not see the water before falling); see also Crocker, 194 Va. at 573-74, 74 S.E.2d at 53 (plaintiff did not discern a wooden step which had been polished and was illuminated by bright lights). These decisions confirm that, on the facts presented here, the issue of contributory negligence should have gone to the jury.
 
 IV
 
 18
 For the reasons stated, the judgment of the district court is reversed and the case is remanded for further proceedings.
 
 REVERSED AND REMANDED
 
 
 *
 Anderson also sued Hertz. His claim was settled before trial